**Edwin Santiago QUINONES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Adrian LOPEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 96 Civ. 3425 (MGC), 96 Civ. 4434 (MGC).**

United States District Court, S.D. New York.

Aug. 22, 1996.

---

The Legal Aid Society, Federal Defender Division, Appeals Bureau by Edward S. Zas, Associate Appellate Counsel, New York City, for Petitioners.

Mary Jo White, United States Attorney for the Southern District of New York by Jay Holtmeier, Michael A. Rogoff, Assistant United States Attorneys, New York City, for Respondent.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Edwin Santiago Quinones and Adrian Lopez were convicted on their pleas of guilty of distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C), and of using and carrying a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On May 8, 1992, I sentenced Santiago to sixteen months in prison on the heroin charge and sixty months in prison on the firearm charge, to run consecutively as provided by § 924(c) and to be followed by six years of supervised release. On the same date, I sentenced Lopez to ten months in prison on the heroin charge and sixty months on the firearm charge, to run consecutively and to be followed by six years of supervised release. After the Supreme Court decided *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), petitioners moved pursuant to 28 U.S.C. § 2255 to vacate their convictions for using and carrying a firearm. In light of the Supreme Court's holding in *Bailey* that to sustain a conviction for "using" a firearm under § 924(c) the government must show that the defendant actively employed the firearm, I granted the motions and vacated petitioners' convictions for violation of § 924(c).

The time petitioners served in prison exceeds the sixteen months and ten months to which they were sentenced on the heroin charge. Petitioners move to have the excess prison time credited toward their sentences

of supervised release. In the alternative, they move to be resentenced to three years of supervised release. For the reasons that follow, petitioners' sentences of supervised release are reduced to the mandatory minimum term of three years.

■ Petitioners argue that 18 U.S.C. § 3624 requires that their terms of supervised release be deemed to have begun on the days that their sentences for the heroin convictions expired. The statute provides that a person's "term of supervised release commences on the day the person is released from imprisonment.... A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime...." 18 U.S.C. § 3624(e) (1994). The statute also states that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment." § 3624(a). Petitioners read these two subsections together. Each contends that his term of supervised release began on the day that his term of imprisonment for the heroin conviction expired because that is the date on which he should have been released.

Petitioners rely on the Ninth Circuit's decision in *United States v. Blake,* 88 F.3d 824 (9th Cir.1996). In *Blake,* the defendants' sentences were reduced below the time they had already served in prison by retroactive application of a clarifying amendment to the Sentencing Guidelines. The Ninth Circuit held that the terms of supervised release should be deemed to have begun on the day the defendants would have been released under the reduced sentence. The court relied on the language of § 3624(a) and the finding that retroactive application of the clarifying amendment was meant to further an "obvious purpose of leniency." The court explicitly limited its holding to "the unusual facts of [that] case, where there has been a retroactive amendment to the guidelines." *Id.* at 825–26. Petitioners urge me to apply the reasoning of *Blake* to the different circumstances presented by this case.

■ I am not persuaded by petitioners' argument. Imprisonment and supervised release serve different purposes. The primary purpose of supervised release is to ease the defendant's transition into the community, or, when a defendant has spent a fairly short time in prison, to provide rehabilitation. Unlike prison, supervised release is not intended to punish or incapacitate the defendant. S.Rep. No. 225, 98th Cong., 2d Sess. 123–35 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3306–08. Because of the distinct functions of prison and supervised release, the statute provides clearly that a person's term of supervised release does not begin until the person has been released from prison and does not run while a person is in prison. § 3624(e); *United States v. Douglas,* 88 F.3d 533 (8th Cir.1996). Accordingly, petitioners' motion to count their excess prison time toward their sentences of supervised release is denied.

■ Petitioners' motion to reduce their terms of supervised release, however, is granted. When the Supreme Court decided *Bailey* in December of 1995, petitioners had already served nearly all of the five-year sentences of imprisonment imposed for the convictions that have now been vacated. While those prison terms cannot now be undone, it is appropriate to make some adjustment in recognition of the fact that the time was served. A term of six years of supervised release exceeds what is necessary to assist petitioners in their transition to the community. For these reasons, petitioners' sentences of supervised release are reduced to three years, the statutory mandatory minimum.

SO ORDERED.