UNITED STATES of America, Plaintiff–Appellant,

v.

James **SPINELLE**, Defendant–Appellee.

No. 93–2481.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 3, 1994.

Decided Dec. 7, 1994.

Patricia G. Blake, Kathleen Moro Nesi, Asst. U.S. Atty. (argued and briefed), Michael J. Stern, Detroit, MI, for plaintiff-appellant.

Kenneth P. Tableman (argued and briefed), Lansing, MI, for defendant-appellee.

James Spinelle, pro se.

Before: LIVELY, JONES and SILER, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

Plaintiff United States appeals an order of the district court releasing Defendant James Spinelle after he served an eighteen-month prison sentence and one year of a three-year term of supervised release for manufacturing marijuana. The issue is whether Congress altered the discretionary authority of the district court under 18 U.S.C. § 3583(e)(1) (1988) to terminate supervised release after one year of completion when it enacted 21 U.S.C. § 841(b)(1)(C) (1988), which required the court to impose a three-year minimum term of supervised release at sentencing for the drug offense in this case. The interplay of these two statutes is an issue of *first impression* in the circuit courts. We affirm the decision and order of the district court.

### I.

James Spinelle, a high school teacher, pled guilty to one count of manufacturing marijuana in violation of 21 U.S.C. § 841 (1988 & Supp. V 1993), and on April 18, 1991, the district court sentenced him to eighteen months in prison followed by three years of supervised release. On June 23, 1993, Spinelle sent a letter to the district court, and he asked the court to terminate his supervised release. The court was very impressed with Spinelle's rehabilitation efforts, and on August 2, 1993, after construing Spinelle's letter as a motion for the requested relief under Federal Rule of Criminal Procedure 32.1(b), the court ordered Spinelle released from supervision immediately, pursuant to its authority under 18 U.S.C. § 3583(e)(1). *See United States v. Spinelle*, 835 F.Supp. 987, 994 (E.D.Mich.1993).

Arguing that Federal Rule of Criminal Procedure 32.1(b) gave it a right to be heard on this issue, the United States filed objections to the court's order. *Id.* The court held a hearing on October 12, 1993, and the United States argued that Spinelle must serve a full year before the remainder of his term could be deleted. *Id.* The court agreed that Spinelle must first serve a full year; thus, on October 18, 1993, the court ordered Spinelle released effective November 18, 1993. *Id.*

Subsequently, the United States, arguing that the court had no discretion to terminate a mandatory term of supervised release, filed a Motion for Reconsideration of the court's October 18 order, but the court held that it did have authority to alter Spinelle's term of supervised release. *Id.* This appeal followed.

### II.

The question before this court is a question of law or statutory interpretation, and it is reviewed *de novo*. *See United States v. Brown*, 915 F.2d 219, 223 (6th Cir.1990) ("A district court engages in statutory construction as a matter of law, and we review its conclusions *de novo*."); *Waxman v. Luna*, 881 F.2d 237, 240 (6th Cir.1989) ("Conclusions of law are ... subject to *de novo* review"); *In re Edward M. Johnson & Assocs., Inc.*, 845 F.2d 1395, 1398 (6th Cir.1988)

(stating that decision of district court on questions of law is reviewed *de novo* ).

## A. Statutory History

The issue in this case arises from Congressional amendments to the federal sentencing scheme and to the sentencing provisions of controlled substance statutes, in particular, over the past decade. *See generally Gozlon–Peretz v. United States,* 498 U.S. 395, 399–404, 111 S.Ct. 840, 843–47, 112 L.Ed.2d 919 (1991) (discussing statutory history).

In 1984, through the Sentencing Reform Act ("SRA"), Pub.L. No. 98–473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.), Congress prospectively eliminated most forms of parole and created a new type of post-confinement monitoring called "supervised release." *Gozlon–Peretz,* 498 U.S. at 400, 111 S.Ct. at 844. Under the supervised release scheme, the sentencing court, rather than the Parole Commission, oversees the defendant's post-confinement monitoring. *See id.* at 401, 111 S.Ct. at 844–45 (citing 18 U.S.C. §§ 3583, 3601 (1988)).

The SRA originated portions of the supervised release provisions at issue in this appeal, and they currently read as follows:

(a) IN GENERAL.—The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, *except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute.*

. . . .

(e) MODIFICATION OF CONDITIONS OR REVOCATION.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice.

18 U.S.C. § 3583(a), (e)(1) (1988) (emphasis added; note that italicized language was not included in SRA but was added by Anti–Drug Abuse Act of 1986, discussed *infra* ).

Although Congress decided upon supervised release as its preferred means of post-confinement monitoring in 1984, it nevertheless decided to defer its application to drug offenses. *Gozlon–Peretz,* 498 U.S. at 401, 111 S.Ct. at 845. Congress did not take the final step of requiring supervised release for persons sentenced for drug offenses until two years later when it enacted the Anti–Drug Abuse Act of 1986 ("ADAA"), Pub.L. No. 99–570, 100 Stat. 3207, 3207–2 to 3207–4 (codified in scattered sections of 18 U.S.C. and 21 U.S.C.). *Id.*

In pertinent part, the ADAA requires courts that are imposing a sentence of imprisonment for the type of drug offense that Spinelle committed to also impose a minimum three-year term of supervised release: "Any sentence imposing a term of imprisonment under this paragraph shall ... impose a term of supervised release of at least 3 years in addition to such term of imprisonment...." 21 U.S.C. § 841(b)(1)(C) (1988). In order to maintain consistency and reflect the new required minimum sentences of supervised release for drug offenses, the ADAA also amended 18 U.S.C. § 3583(a). Thus, if a court imposed a sentence of imprisonment, the ADAA directed it to "include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute." 18 U.S.C. § 3583(a) (*see supra* for current complete text of 18 U.S.C. § 3583(a)). The ADAA, however, did not amend 18 U.S.C. § 3583(e)(1), the subsection giving the district courts discretionary authority to terminate supervised release after the completion of one year.

## B. Statutory Interpretation

" 'In determining the meaning of [a] statute, we look not only to the particular statutory language, but to the design of the stat-

ute as a whole and to its object and policy.'" *United States v. Honaker*, 5 F.3d 160, 161 (6th Cir.1993) (alteration in original) (quoting *Crandon v. United States*, 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990)), *cert. denied*, — U.S. —, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994). "The object and policy of a statute ... are reflected in the legislative history of that statute. If, after reference to the language, structure and legislative history of a statute, the intended scope of the statute remains ambiguous, the rule of lenity will apply." *Id.* (citing *Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990)).

With regard to the ADAA, Congress did not submit any Senate or House reports with the bill when it was enacted, and none of the related reports indicates that Congress intended to remove the district court's discretionary authority to terminate a term of supervised release, when it enacted mandatory sentences of supervised release for certain drug offenses. *See* 1986 U.S.C.C.A.N. 5393.

As the United States points out, the legislative history of the SRA arguably does indicate that when Congress enacted 18 U.S.C. § 3583(e)(1), giving the district court authority to terminate a term of supervised release, it did not consider its possible application to mandatory periods of supervised release. This, however, provides little help. It does not mean that Congress intended to abrogate the discretionary authority it gave to the district courts in 18 U.S.C. § 3583(e)(1) when it subsequently enacted, through the ADAA, mandatory sentencing of supervised release terms for drug violations in 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a). Thus, we are left with the plain language of the statute, itself, and its structure to determine its meaning.

The United States argues that when Congress enacted the ADAA's supervised release sentencing requirements in 21 U.S.C. § 841(b)(1)(C), it impliedly nullified the discretionary authority of the district court to reduce a term of supervised release as delineated in 18 U.S.C. § 3583(e)(1). The district court interpreted 18 U.S.C. § 3583(e)(1) as affording it the authority to terminate a three-year sentence of supervised release,

imposed pursuant to 21 U.S.C. § 841(b)(1)(C), after the completion of one year. *See Spinelle*, 835 F.Supp. at 992. The United States claims that the district court's interpretation of the statutes would mean that Congress intended a mandatory sentence of three years to be equivalent to "mandatory for one year, but discretionary after that." United States' Br. at 6. Such an interpretation, claims the government, creates an unnecessary conflict between the statutes, and the more natural reading of the required sentence of supervised release is that the district court has no authority to change a mandatory sentence at any point. United States' Br. at 10, 11–12.

▮ Repeals by implication, however, are not favored in the law. *Gallenstein v. United States*, 975 F.2d 286, 291 (6th Cir.1992). They are only permitted when the earlier and later statutes are irreconcilable. *Id.* (citing *Morton v. Mancari*, 417 U.S. 535, 550, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974)). "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton*, 417 U.S. at 551, 94 S.Ct. at 2483.

▮ Contrary to the government's claims, however, the district court's statutory interpretation does not create an irreconcilable conflict between the statutes. Rather, it consistently gives effect to the plain meaning of the statutory language. The government's statutory interpretation, however, does create a conflict because it attempts to combine in one sentencing phase what Congress has divided into two: sentencing and post-sentence modification.

Both the United States and the district court agree that the ADAA, through 21 U.S.C. § 841(b)(1)(C) and the equivalent amendment to 18 U.S.C. § 3583(a), required the district court to sentence Spinelle to three years of supervised release in addition to his prison sentence. This, the district court did, satisfying the sentencing phase of the statutory language. *Spinelle*, 835 F.Supp. at 990.

In the mind of Congress, as expressed in the plain meaning of the statutes, however,

the sentencing phase is different than post-sentence modification. Prior to the Congressional amendment of 18 U.S.C. § 3583(a) in the ADAA, the district courts had the authority under 18 U.S.C. § 3583(a) to impose a term of supervised release on a defendant during sentencing at its discretion. Under 18 U.S.C. § 3583(e)(1), it also had the additional and separate discretionary authority to terminate a term of supervised release after one year of completion. When Congress subsequently amended 18 U.S.C. § 3583(a) to require that courts impose a term of supervised release on a defendant if such a term is required by statute, it only partially limited a court's discretionary authority to *impose* the sentence. Congress did not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warranted it.

Seen as two separate chronological phases, the statute mandating a specific sentence of supervised release and the statute authorizing the termination of a prior imposed sentence are quite consistent. They are not in conflict as "[n]either statute prohibits the other from working." *Gallenstein*, 975 F.2d at 291. Therefore, in the absence of clear Congressional expression to the contrary, a court must give effect to both statutes. *Morton*, 417 U.S. at 551, 94 S.Ct. at 2483. In so doing, we find that even though the district court had to sentence Spinelle to a three-year term of supervised release, it still had the subsequent discretionary authority to terminate the term and discharge Spinelle after one year of completion.

As the district court stated, recent analogous cases also support the conclusion that 18 U.S.C. § 3583(e)(1) should apply to a term of supervised release mandated pursuant to 21 U.S.C. § 841(b)(1)(C). *Spinelle*, 835 F.Supp. at 992. In *Gozlon–Peretz*, the Supreme Court noted that the ADAA had adopted the term "supervised release" from the SRA. 498 U.S. at 408, 111 S.Ct. at 848. The Court stated that "[t]he reasonable assumption is that when Congress adopted the ADAA and used the term 'supervised release' it knew of the full definition in the existing Sentencing Reform Act and legislat-

ed with reference to it." *Id.* Similarly, the "reasonable assumption" here is that Congress knew that 18 U.S.C. § 3583(e)(1) gave the district courts authority to terminate terms of supervised release when it subsequently enacted mandatory terms of supervised release under 21 U.S.C. § 841(b)(1)(C) and amended 18 U.S.C. § 3583(a). If Congress had intended to exempt mandatory terms of supervised release from the district courts' terminating authority under 18 U.S.C. § 3583(e)(1), it could have done so explicitly when it amended 18 U.S.C. § 3583(a), but it did not change the district courts' authority.

More recently, the Ninth Circuit, in *Rodriguera v. United States*, 954 F.2d 1465 (9th Cir.1992), addressed the interplay of the mandatory supervised release provisions in 21 U.S.C. § 841 with 18 U.S.C. § 3583(e)(2) (Supp. V 1993), a companion provision to 18 U.S.C. § 3583(e)(1). Rodriguera pled guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). *Rodriguera*, 954 F.2d at 1466. The court held that 18 U.S.C. § 3583(e)(2), which authorizes a district court to extend a term or modify the conditions of supervised release, applied to the supervised release term Rodriguera had received under 21 U.S.C. § 841. *Id.* at 1469. The court noted the following:

Given the anomalous results which would be produced by requiring supervised release terms for these ADAA drug offenses without adopting standards to guide their implementation, it would have been reasonable for Congress to assume that the instructions on revocation of supervised release contained in 18 U.S.C. § 3583(e)(2) would apply to supervised release terms imposed for ADAA offenses.

*Id.* The same reasoning, along with previous arguments, leads us to the conclusion that Congress intended the instructions for the termination of supervised release contained in 18 U.S.C. § 3583(e)(1) to apply to the supervised release terms imposed for the ADAA offense in 21 U.S.C. § 841(b)(1)(C).

Thus, we hold that a district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a

mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a).

■ At oral argument, the United States contended that the district court had not "modified" Spinelle's sentence but rather had "resentenced" him in violation of 18 U.S.C. § 3553(e) (1988). Section 3553(e) states the following:

(e) LIMITED AUTHORITY TO IMPOSE A SENTENCE BELOW A STATUTORY MINIMUM.— Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e). Because the court had "resentenced" Spinelle and because the government had not made a motion for Spinelle to be sentenced below the statutory minimum term of supervised release, the government argued that the court was without authority to sentence Spinelle to a one-year term of supervised release.

The government, however, again confuses sentencing with post-sentence modification. The district court did not "resentence" Spinelle; the district court simply "modified" Spinelle's original sentence pursuant to 18 U.S.C. § 3583(e)(1). Thus, section 3553(e) did not apply to the district court's action.

The United States does not challenge the district court's decision regarding the remaining statutory factors specified for consideration under 18 U.S.C. § 3583(e)(1).

### III.

Based on the foregoing analysis, we **AFFIRM** the decision and order of the district court.