_____

No. 95-3460
_____

United States of America,       *
                                *
         Appellee,              *
                                *   Appeal from the United States
    v.                          *   District Court for the
                                *   Northern District of Iowa.
Frederick Douglas,              *        [PUBLISHED]
                                *
         Appellant.             *

_____

Submitted:  June 18, 1996

Filed:  June 24, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


    Frederick Douglas, a former federal inmate, appeals the period of
supervised release imposed by the district court[1] at resentencing.  We
affirm.


    Douglas was convicted of being a felon in possession of a firearm,
in violation of 18 U.S.C. § 922(g)(1), and sentenced to 120 months
imprisonment and three years supervised release.  United States v. Douglas,
964 F.2d 738, 739 (8th Cir. 1992).  After the district court denied his
motion to reduce his sentence, we remanded for resentencing according to
a clarifying Guidelines amendment.  United States v. Douglas, 64 F.3d 450,
451-53 (8th Cir. 1995).

_____

    [1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

At his September 1995 resentencing, Douglas's Guidelines range was 27 to 33 months, and the supervised release range was two to three years. Because Douglas had already served 46 months in prison, he requested that no supervised release be imposed, arguing that the time he had spent imprisoned beyond the Guidelines range should "qualif[y] as an intensive supervised release." The government requested that the court impose three years of supervised release.

The district court sentenced Douglas to 33 months' imprisonment with credit for time served, and two years supervised release. In imposing the two-year term of supervised release, the court stated:

> I think that Mr. Douglas should be given some credit for the fact that he's actually served a sentence that's probably in excess of what he would have otherwise have served in computing supervised release, however, I'm not comfortable not putting Mr. Douglas on any supervised release given the fact that he has a history of committing offenses while on probation, and I believe that some period of transition back to the community is appropriate and that a two year term of supervised release is the term to be imposed in this case.

Douglas was immediately placed on supervised release.

On appeal, Douglas argues that his imprisonment and supervised release are separate parts of the same sentence for his offense conduct, and that the excess prison time he served should be credited against his supervised release term. Douglas cites cases from other circuits which suggest that prison time served in excess of a defendant's revised sentence can be credited against the defendant's term of supervised release. We have reviewed these cases, and others not cited by the parties, and are not persuaded they are correct.

Because Douglas was convicted of a Class C felony, see 18 U.S.C. § 3559(a)(3), the district court was without authority to impose a supervised release term less than two years, see U.S.S.G. § 5D1.2(a)(2) (for Class C felony, supervised release term "shall" be at least two years).

The statute dealing with the release of a prisoner plainly states that supervised release "commences on the day the person is released from imprisonment," and "does not run during any period in which the person is imprisoned in connection with a conviction for a Federal . . . crime." See 18 U.S.C. § 3624(e); cf. 18 U.S.C. § 3583(a) (sentence may include term of supervised release imposed after imprisonment); United States v. Watkins, 14 F.3d 414, 415 (8th Cir. 1994). We note that this is consistent with the distinctly different purposes of imprisonment and supervised release. See United States v. Love, 19 F.3d 415, 417 & n.4 (8th Cir.), cert. denied, 115 S. Ct. 434 (1994); S. Rep. No. 98-225, 98th Cong., 2d Sess., reprinted in 1984 U.S.C.C.A.N. 3182, 3306-08 (discussing purposes of supervised release, one of which is to ease transition into community).

We conclude that the district court properly imposed a two-year term of supervised release. Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.