88 F.3d 824
 97 Cal. Daily Op. Serv. 5139, 96 Daily Journal
D.A.R. 8284
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Arthur BLAKE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Hobart STANWOOD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Nacaro GALLINGER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Allen YATES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dell Kenneth FOSTER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Joseph SPODEN, Defendant-Appellant.
 Nos. 96-30057, 96-30059, 96-30061 to 96-30063, 96-30067.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 6, 1996.
Decided July 10, 1996.
 
 Stephen R. Sady, Chief Deputy Federal Public Defender, Wendy R. Willis, Assistant Federal Public Defender, Portland, Oregon, for defendants-appellants.
 Jonathan S. Haub, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.
 Appeals from the United States District Court for the District of Oregon, Robert E. Jones, District Judge, Presiding. D.C. Nos. CR-92-00059-1-REJ, CR-91-00279-1-REJ, CR-93-00098-1-OMP, CR-90-00198-1-JAR,CR-91-00280-1-JAR, CR-91-60138-MRH.
 Before: GOODWIN and SCHROEDER, Circuit Judges, and LEGGE, District Judge.*
 GOODWIN, Circuit Judge:
 
 
 1
 This appeal raises one question: when a criminal defendant's sentence of imprisonment is reduced below the time he has already served, due to a retroactive change in the sentencing guidelines, does his supervised release obligation commence on the date of his actual release or on the date he should have been released according to his revised sentence?
 
 
 2
 We conclude that, while the statutory scheme is not crystal clear, the supervised release portion of the sentence begins on the date a prisoner's term of imprisonment expires, whether or not he is released on that date. The appellants' terms of supervised release began on the dates appellants should have been released, rather than on the dates of their actual release.
 
 I. Sentencing Court
 
 3
 Appellants in these consolidated cases were each convicted for growing marijuana in violation of 21 U.S.C. § 841(a) and sentenced to a term of imprisonment plus a statutory three years of supervised release. In November, 1995, each received a reduction in his custodial sentence by reason of a retroactive amendment to the sentencing guidelines which affected the manner of calculating the quantity of marijuana for sentencing purposes. Each had already spent more time in prison than required by the modified sentence.
 
 
 4
 The government nonetheless used each prisoner's actual release date as the starting date for measuring the duration of the three years of supervised release. Appellants moved for clarification of their sentences, asking the court to set the starting times for their terms of supervised release on the dates their imprisonments should have ended under the new sentences. The district court, after reviewing the stated purposes of both custody and supervised release, agreed with the government that supervised release must be measured from the actual release dates. The trial court's reading of the controlling statutes is understandable.
 
 II. Statutory Requirement
 
 5
 "The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or parole...." 18 U.S.C. § 3624(e). Turning to the subsection of the same statute, we find, inter alia: "A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment ...." § 3624(a).
 
 
 6
 The government argues that Section 3624(e) mandates that supervised release begin on the day a person walks out the prison doors, and that the district court lacks the authority to modify the term of supervised release to compensate for excess jail time served under custodial "supervision." Appellants argue that Section 3624(a) supports their position, however, by setting the date of release, and consequently the commencement of a supervised release term, at the time a prisoner's term expires.
 
 
 7
 Neither direct nor circumstantial evidence of legislative intent concerning the narrow question presented by this appeal is present. We know only that the revised sentencing guideline was intended to apply retroactively, and was intended to have the remedial effect of reducing sentences imposed under an earlier, more punitive sentencing formula. In a somewhat similar situation, this court contemplated a problem of clarifying when a period of supervised release was to begin. See United States v. Montenegro-Rojo, 908 F.2d 425, 431 fn. 8 (9th Cir.1990)(stating that, in fairness, the extra time in prison should be counted towards the year of supervised release).
 
 
 8
 We hold that in view of the language of 18 U.S.C. § 3624(a), and because of the obvious purpose of leniency in applying the revised sentencing guidelines retroactively, we must follow the lead of this court in Montenegro-Rojo. We limit our holding to the unusual facts of this case, where there has been a retroactive amendment to the guidelines. The judgment is reversed and the cause is remanded for modification of the beginning date of each appellant's period of supervised release.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Charles A. Legge, Senior United States District Judge for the Northern District of California, sitting by designation