USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1507 UNITED STATES, Appellee, v. EDWIN P. JOSEPH, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Aldrich and Campbell, Senior Circuit Judges. _____________________ ____________________ Louis F. Robbio with whom Robbio & Nottie, Ltd. was on brief for _______________ ______________________ appellant. Margaret E. Curran, Assistant United States Attorney, and Sheldon __________________ _______ Whitehouse, United States Attorney, were on brief for appellee. __________ ____________________ March 20, 1997 ____________________ CAMPBELL, Senior Circuit Judge. This is an appeal ____________________ from the district court's partial denial of defendant- appellant Edwin P. Joseph's 28 U.S.C. 2255 motion. The district court, applying the Supreme Court's recent decision in Bailey v. United States, 116 S. Ct. 501 (1995), dismissed ______ _____________ Joseph's 1991 conviction under 18 U.S.C. 924(c) (use of a firearm during and in relation to a drug trafficking crime), and vacated his sixty month sentence for that offense, of which Joseph had already served over half. Noting that Joseph had long since completed serving the sentences on two other charges to which along with the 924(c) charge  he had pleaded guilty in 1991, the district court ordered his release. However, the court also directed that the concurrent three and five year supervised release terms stemming from the two other charges begin operating. Joseph argues on appeal, as he did in his 28 U.S.C. 2255 motion, that the court erred in not ordering the terms of supervised release to have begun on the date the two served sentences had ended, to wit on December 22, 1992, rather than on the date of his actual release in 1996. Under this theory, Joseph's supervised release terms would be reduced by the time he spent in prison under the now- dismissed 924(c) conviction. Alternatively, Joseph asks that the supervised release terms be eliminated altogether to compensate him for the deprivation of his freedom, resulting -2- 2 from the wrongful conviction and sentence under 924(c). We do not accept Joseph's contention and affirm the district court's direction that the supervisory release terms commence on the actual release date. I. I. On June 27, 1991, agents of the Bureau of Alcohol, Tobacco and Firearms arrived at Joseph's residence to execute arrest and search warrants. While searching the residence for weapons, the agents found several weapons, along with a small quantity of cocaine and a scale. The weapons were located in a closet in the living room, under a couch and under a mattress in the bedroom. Joseph was arrested.  On July 31, 1991, Joseph pleaded guilty to a three- count information charging him with illegal sale of firearms, in violation of 18 U.S.C. 922(a)(5) (count one); possession with intent to distribute cocaine, in violation of 21 U.S.C. 841(a)(1) (count two); and use of a firearm during and in relation to a drug crime, in violation of 18 U.S.C. 924(c) (count three).  On October 10, 1991, the district court sentenced Joseph to concurrent twenty-one month terms of imprisonment on counts one and two, and a consecutive sixty month term on count three, as mandated by the statute. See 18 U.S.C.  ___ 924(c)(1) (West Supp. 1996). The district court also imposed -3- 3 a supervised release term of three years on count one, and a concurrentsupervised release term of five years on count two. On or about March 31, 1993, Joseph filed his first 28 U.S.C. 2255 motion. He alleged, among other things, that he had been deprived of his right to appeal because of counsel's ineffective assistance. The district court reduced the amount of the fine imposed to $20,000 from the original amount of $70,000. But all the other sentencing provisions of the original judgment remained unchanged. On or about January 16, 1996, Joseph filed his second 28 U.S.C. 2255 motion. Invoking Bailey1, he argued ______ that his 18 U.S.C. 924(c) conviction (count three) should be vacated. He also contended that his supervised release terms under the other counts should "be reduced to adequately reflect the excessive time [he] has served in prison." The government, in a response to Joseph's motion, said that it did not oppose vacation of his conviction under 924(c). On March 27, 1996, the district court announced that it vacated Joseph's conviction and sentence on count three, and dismissed that count. It noted that, as a consequence (Joseph having long since completed the twenty- one month concurrent sentences on counts one and two), he  ____________________ 1. In Bailey, the Supreme Court explained that the "use" of ______ firearms, for 924(c)(1) purposes, includes "brandishing, displaying, bartering, striking with, and most obviously, firing, or attempting to fire, a firearm", but not merely storing a gun near drugs. Bailey, 116 S. Ct. at 508. ______ -4- 4 would be released from custody. The court stated that the supervised release terms under counts one and two would commence to operate. A conforming amended judgment was entered the next day. II. II. The government expressly stated that it did not oppose vacation of Joseph's 924(c) conviction for using a firearm. In its brief, the government states that it "agreed that the Petitioner's 924(c) conviction could not survive Bailey." We agree that the evidence of firearm "use" here ______ was insufficient to pass muster under Bailey. A further ______ question might be whether Bailey has retroactive application ______ to prior cases like this on collateral review. However, the government's concession that Joseph's conviction "could not survive Bailey" waives any contest over that point.2 We ______ accordingly proceed to the sole question in this appeal, the timing and operation of the supervisory release provisions from the sentences on the two valid counts.  III. III. Assuming without deciding that Bailey applies ______ retroactively to "use" cases on collateral review, we now  ____________________ 2. Several courts have ruled that Bailey applies ______ retroactively. See, e.g., Guzman-Rivera v. United States, __________ _____________ ______________ 933 F. Supp. 138, 143 (D.P.R. 1996); Sanabria v. United ________ ______ States, 916 F. Supp. 106, 112-13 (D.P.R. 1996); United States ______ _____________ v. Barnhardt, 93 F.3d 706, 708-09 (10th Cir. 1996); United _________ ______ States v. Cota-Loaiza, 936 F. Supp. 751, 753-54 (D.Colo. ______ ___________ 1996). -5- 5 consider Joseph's appellate challenges to his supervised release terms. After completing service of the terms of imprisonment under counts one and two, Joseph spent more than thirty-nine additional months in prison under the consecutive sentence imposed on the 18 U.S.C. 924(c)(1) count before that conviction was dismissed, and the sentence vacated, by the district court. Joseph contends he is entitled to, at least, a thirty-nine month credit against his supervised release terms on the other two counts. His arguments, however, are contrary to the language of 18 U.S.C. 3624 and they also run counter to the purposes of supervised release terms, which are not alternative forms of punishment but rather are designed to ease a prisoner's return to civilian life. Joseph's arguments also fail to take into account the availability of relief under 18 U.S.C. 3583(e). (1) The Language of 18 U.S.C. 3624. _____________________________________ Section 3624 provides that a person's "term of supervised release commences on the day the person is released from imprisonment . . . ", and that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime . . . ." 18 U.S.C.  3624(e) (West Supp. 1996) (Supervision after Release). These provisions are, on their face, contrary to Joseph's argument that his supervised release terms should be deemed to have -6- 6 begun on the day that his concurrent sentences under count one and count two expired, since he was in prison then, serving what, at the time, was a valid sentence for violation of 924(c)(1).3 Joseph points out, however, that 3624 also provides that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment . . . ." 18 U.S.C. 3624(a) (West Supp. 1996) (Date of Release). He argues that he should have been released late in 1992, as that was when his terms of imprisonment for the other two counts expired, they being the only valid counts (as now but not then known), given the holding in Bailey.  ______ In so arguing, Joseph relies on the Court of Appeals for the Ninth Circuit's decision in United States v. _____________ Blake, 88 F.3d 824 (9th Cir. 1996). In Blake, the _____ _____ defendants' custodial sentences were reduced below the time they had already served in prison by the retroactive application of a clarifying amendment to the United States Sentencing Guidelines. The government, nonetheless, used the defendants' actual release dates as the starting dates for _____________________ measuring the duration of the three year terms of supervised release. See Id. at 825. ___ ___  ____________________ 3. This circuit, like many at the time, had adopted a broader definition of the term "use" than the Supreme Court held was acceptable in its 1995 Bailey decision. ______ -7- 7 The court of appeals held that the defendants' terms of supervised release should be deemed to have started on the day that they should have been released under the __________________________ reduced sentences. The Blake Court read the language of 18 _____ U.S.C. 3624(a) to set "the date of release, and consequently the commencement of a supervised release term, at the time a prisoner's term expires." Blake, 88 F.3d at _____ 825. Furthermore, the Blake Court stated that its ruling was _____ dictated by the circuit precedent of United States v. ______________ Montenegro-Rojo, 908 F.2d 425, 431 n.8 (9th Cir. 1990) ("If _______________ the district court decides to shorten the extent of its departure [from the Sentencing Guidelines], the extra time Montenegro-Rojo spent in jail should, in fairness, be counted towards the year of supervised release."). Thus, the Blake _____ Court concluded that, in view of the language of 3624(a), and "the obvious purpose of leniency in applying the revised sentencing guidelines retroactively", Blake, 88 F.3d at 825, _____ it was bound to follow Montenegro-Rojo, and to direct the _______________ district court to modify the commencement dates of defendants' supervised release terms. According to Joseph, his situation is analogous to Blake. Joseph contends that the application of Blake to this _____ _____ case leads to the inevitable conclusion that his supervised release terms should be deemed to have begun on December 22, -8- 8 1992, the date on which he should have finished his terms of imprisonment. We are not persuaded by Joseph's arguments, nor by the rationale of Blake and Montenegro-Rojo. The fact remains _____ _______________ that 3624(e) ties the beginning of a term of supervised release to release from imprisonment. It forbids the running of the term of supervised release during any period in which the person is imprisoned. Joseph was in prison at the time he now seeks to identify as the beginning of his terms of supervised release and was, under the plain language of  3624(e), ineligible for supervised release then.  To be sure, an equitable argument can be made that, while Joseph could not in any real sense have expected his terms of supervised release to start on December 22, 1992, he should be given credit for incarceration now found improper by offsetting the excess time he spent in prison against the terms of supervised release. However, while we have some sympathy for this argument, we reject it for much the same reasons the Court of Appeals for the Eighth Circuit rejected a similar argument in United States v. Douglas, 88 F.3d 533 _____________ _______ (8th Cir. 1996). In Douglas, the defendant was resentenced _______ to a substantially lower prison term pursuant to a clarifying amendment to the Sentencing Guidelines. Since he had already served several months beyond his newly imposed sentence, the defendant sought credit against his supervised release term -9- 9 for the excess time spent in prison. The Douglas Court _______ refused to grant such credit, noting that "[t]he statute dealing with the release of a prisoner plainly states that supervised release 'commences on the day the person is released from imprisonment,' and 'does not run during any period in which the person is imprisoned in connection with a conviction for a Federal . . . crime.'" Id. at 534 ___ (citations omitted). The court went on to note "that this is consistent with the distinctly different purposes of imprisonment and supervised release." Id. (citations ___ omitted). Joseph attempts to distinguish Douglas by arguing _______ that the defendant in that case never claimed that he should not have been convicted of the particular crime. He also considers relevant the fact that no change in the substantive law or application of a guideline amendment eliminated the conviction previously entered by the district court in that case. These distinctions, however, do not seem to us dispositive. The bottom line is that both cases deal with changes yielding the same result: a reduction in the term of imprisonment beyond the time already served. Even so, Joseph maintains that he could not have been imprisoned for a federal crime that he, as the district court's ruling recognized, could not have committed. He, thus, contends that, even applying the language of 3624(e), -10- 10 his supervised release terms should revert back to the date of release for the valid convictions, since he could not have been imprisoned for the use of a firearm during and in relation to a drug crime. But, as already noted, when Joseph pleaded guilty and was sentenced in 1991, the sentence for his 18 U.S.C. 924(c)(1) conviction was appropriate and "legal", being in accordance with a statutory interpretation then enforced, and of course believed to be correct, by the courts having jurisdiction over his case. It was only in the wake of the Bailey decision in 1995 that his conviction and ______ sentence under count three of the original indictment were recognized as being contrary to the law, at which point he was immediately relieved of the remaining sentence for that count and released from prison. It was at this point that his supervised release terms, in accordance with the plain language of 3624(e), began to operate.  Lastly, Joseph asserts that the statutory scheme codified in 3624 did not contemplate a situation like the one presented in this case. He argues that a reasonable reading of 3624 would imply the unwritten language "or should have been released." Congress, however, did not place such language in 3624, and, given the entirely different purposes served by imprisonment and supervised release, we see no clear basis for implying it now. Rather, like the Eighth Circuit in Douglas, we believe that the language in  _______ -11- 11 3624(e) must be