**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAY L. DEPEW,

Defendant-Appellant.

No. 97-1181
(D.C. No. 91-CR-9-B)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Jay L. Depew, appearing pro se, appeals the district court's denial of his motion seeking early termination of his supervised release. We affirm.

Depew was charged in Colorado federal court on January 11, 1991, with

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

willfully making and subscribing a partnership return of income for the tax year 1985, in violation of 26 U.S.C. § 7206(1). On January 22, 1991, he filed a written consent pursuant to Fed. R. Crim. P. 20 to transfer the case for purposes of plea and sentence to South Dakota federal court where another criminal case was pending against him. Depew was sentenced in South Dakota on August 5, 1991, to one year of imprisonment with no accompanying term of supervised release for the Colorado charge, and to a concurrent term of 58 months' imprisonment with three years' supervised release for the South Dakota charges. Depew served his term of imprisonment and began his supervised release on October 18, 1995. Since he wanted to reside in Colorado, the Colorado probation department agreed to supervise him during his supervised release.

On February 24, 1997, Depew filed motions in Colorado federal court seeking early termination of his supervised release and tranfer of venue to Colorado federal court. The Colorado district court denied the motions for lack of jurisdiction and subsequently denied Depew's motion for reconsideration.

We have carefully reviewed the record on appeal and conclude the district court properly denied Depew's motions. Although 18 U.S.C. § 3583(e) allows a defendant to seek early termination of supervised release, any such motion must be directed to the sentencing court that imposed the term of supervised release. See United States v. Akinyemi, 108 F.3d 777, 779 (7th Cir. 1997) ("A sentencing

court also has the authority under some circumstances to modify or terminate a term of supervised release."); United States v. Lussier, 104 F.3d 32, 34 (2d Cir. 1997); United States v. Spinelle, 41 F.3d 1056, 1057 (6th Cir. 1994) (noting sentencing court oversees defendant's post-confinement monitoring). Because Depew's term of supervised release was imposed by the South Dakota federal court, any motion to modify that supervised release (as well as any motion to change venue) must be directed to that court.

The judgment of the district court is AFFIRMED. The government's motion to supplement the record is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge