**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

vs.

RICHARD T. JARAMILLO,

     Defendant-Appellant.

No. 98-2005
(D.C. No. CR-97-450-BB)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

---

Defendant-Appellant Richard T. Jaramillo pleaded guilty to one count of

maliciously conveying false information. See 18 U.S.C. § 844(e). The district

court sentenced Mr. Jaramillo to time served, a sentence which exceeded the

maximum Guideline range by 7 days, and, as a condition of his supervised

release, ordered Mr. Jaramillo to have no contact with his ex-wife or children

except as provided by the New Mexico state court. On appeal, Mr. Jaramillo

challenges the length of his sentence and the district court's imposition of the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

special supervised release condition. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We dismiss as moot Mr. Jaramillo's appeal of the district court's imposition of sentence and affirm the district court's imposition of the special condition of supervised release.

As a threshold matter, the government contends that Mr. Jaramillo's challenge of the sentence of time served is moot because he has been released from confinement. Mr. Jaramillo counters that the appeal of his sentence is not moot because the successful resolution of this appeal would affect the term of his supervised release. Mr. Jaramillo's contention, however, is based on the belief that we can provide him the remedy he seeks, an earlier commencement of his term of supervised release based on the date when a 180-day sentence should have expired. Though neither party chose to brief this important issue, our research indicates that neither the relevant statute nor case law allows us to grant such a remedy.

In United States v. Reider, 103 F.3d 99, 102-03 (10th Cir. 1996), we held that the plain language of 18 U.S.C. § 3624(e) requires a term of supervised release to commence when the "person is released from imprisonment." Id. (quoting § 3624(e)); see United States v. Joseph, 109 F.3d 34, 36-38 (1st Cir. 1997) (holding supervised release does not run while a person is incarcerated for a federal crime); United States v. Vallejo, 69 F.3d 992, 994 (9th Cir. 1995)

2

(holding that term of supervised release does not commence until day defendant is subject to conditions of supervised release), cert. denied, 517 U.S. 1148 (1996); United States v. Douglas, 88 F.3d 533, 534 (8th Cir. 1996) (per curiam) (same); Quinones v. United States, 936 F. Supp. 153, 154-55 (S.D.N.Y. 1996) (same); but see United States v. Blake, 88 F.3d 824, 825-26 (9th Cir. 1996) (holding supervised release begins on date a prisoner's term of imprisonment expires, whether or not released on that date, in limited circumstances where Sentencing Guidelines are retroactively amended); United States v. Monenegro-Rojo, 908 F.2d 425, 431 n.8 (9th Cir. 1990) (holding that fairness requires that extra time in prison should be counted toward term of supervised release).

It is undisputed Mr. Jaramillo was not released from imprisonment until December 22, 1997. Thus, Mr. Jaramillo's term of supervised release could not have begun until that time, notwithstanding the seven extra days he spent in prison. See Joseph, 109 F.3d at 37; Douglas, 88 F.3d at 534; Quinones, 936 F. Supp. at 155; cf. United States v. Temple, 918 F.2d 134, 135 (10th Cir. 1990) (interpreting prior statute governing credit for time served and concluding "Congress did not intend criminal defendants to receive credit toward probation for time spent in custody"). Moreover, even if the seven extra days could be credited toward Mr. Jaramillo's term of supervised release, we lack the authority to award a sentence credit. See United States v. Jenkins, 38 F.3d 1143, 1143-44

3

(10th Cir. 1994).

Finally, though Mr. Jaramillo argues by implication that the district court might shorten the term of supervised release if we vacated and remanded for resentencing, <u>see</u> Aplt. Brief at 10-11, we do not remand in futility. Because of Mr. Jaramillo's brief sentence, this is not a case where a reduction of sentence provides the district court with discretion over the term of supervised release that it did not have under the greater sentence. <u>See</u> USSG § 5D1.1(b). Mr. Jaramillo did not object to the length of the term of supervised release, and even were we to review for plain error, we would likely find none. Moreover, it is clear from the colloquies between the court and defense counsel during the plea and sentencing hearings that all parties involved considered "time served" as the benchmark for Mr. Jaramillo's sentence, <u>see</u> II R. at 10, 23-24, and that despite defense counsel's failure to object the district court was aware of the length of Mr. Jaramillo's imprisonment. <u>See</u> I R. doc. 34, at 2. Thus, because the district court had the same facts and law before it at sentencing that it would upon remand, we are not convinced the length of Mr. Jaramillo's term of supervised release would be altered. Because neither we nor the district court have the authority to redress Mr. Jaramillo's injury, his challenge to the district court's imposition of sentence is moot. <u>See</u> <u>Spencer v. Kemna</u>, 118 S. Ct. 978, 983 (1998).

We review the district court's imposition of a special condition of

4

supervised release for abuse of discretion, see United States v. Edgin, 92 F.3d 1044, 1047 (10th Cir. 1996), cert. denied, 117 S. Ct. 714 (1997), and find none. The presentence report, which the district court incorporated in its findings, see III R. at 7-8, provides ample justification for the imposition of restrictions on Mr. Jaramillo's contact with his ex-wife and children. Thus, Edgin is inapposite. See Edgin, 92 F.3d at 1049. Further, the district court was well within its discretion to order Mr. Jaramillo to comply with the state court's temporary restraining order as a condition of his release. See 18 U.S.C. § 3583(d); USSG § 5D1.3(b). We accordingly DISMISS Mr. Jaramillo's appeal of the district court's imposition of sentence as moot and AFFIRM the district court's imposition of the special condition of supervised release.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

5