Roy Lee **JOHNSON**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 97–1151.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 4, 1998.

Decided Aug. 26, 1998.

Kevin M. Schad (argued and briefed), Schad, Buda, Lucia & Cook, Cincinnati, OH, for Petitioner–Appellant.

Jennifer J. Peregord (argued), Kelvin W. Scott, U.S. Atty. (briefed), Office of U.S. Atty., Detroit, MI, for Respondent–Appellee.

Before: MERRITT, KENNEDY, and GILMAN, Circuit Judges.

MERRITT, J., delivered the opinion of the court, in which KENNEDY, J., joined. GILMAN, J. (pp. 572–73), delivered a separate dissenting opinion.

## OPINION

MERRITT, Circuit Judge.

This appeal from the District Court's partial denial of petitioner Roy Lee Johnson's motion to modify his sentence under 28 U.S.C. § 2255 raises a single issue: When a criminal defendant's sentence of imprisonment is reduced below the time he has already served, does his term of supervised release commence on the date of his actual release or on the date he should have been released according to his revised sentence?

In 1990 a jury convicted Johnson of five separate offenses: (1) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a); (2) use of firearms during and relating to the cocaine trafficking offense in violation of 18 U.S.C. § 924(c); (3) possession with intent to distribute Dilaudid in violation of § 841(a); (4) use of a firearm during and relating to the Dilaudid trafficking offense in violation of § 924(c); and (5) possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g). Johnson's sentence of 171 months imprisonment included two consecutive five-year terms for the § 924(c) offenses. The court also imposed a three-year term of supervised release on the drug charges. A panel of this Court affirmed the conviction in all respects, but on rehearing, we held that the District Court erred in sentencing Johnson to consecutive terms of imprisonment for the two § 924(c) violations. *United States v. Johnson*, 25 F.3d 1335, 1337–38 (6th Cir. 1994) (en banc). In August 1994, District Judge Horace Gilmore resentenced Johnson to concurrent five-year terms for the § 924(c) convictions. Johnson filed a motion under 28 U.S.C. § 2255 in March 1996, and Judge Gilmore vacated the two § 924(c) convictions in light of the Supreme Court's new decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Because Johnson had already served more time in prison than called for under the revised sentence, Judge Gilmore ordered his immediate release. He refused, however, to credit the extra time Johnson served in prison toward his three-year term of supervised release.

On appeal, Johnson argues that his term of supervised release should be deemed to have commenced on the date on which he was entitled to be released in light of *Bailey*. The relevant statute provides that a person's "term of supervised release commences on the day the person is released from imprisonment," and that a "term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime." 18 U.S.C. § 3624(e). Another portion of the statute states that a "prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment." 18 U.S.C. § 3624(a). Relying on the language of § 3624(a), Johnson contends that we should consider "the day he [was] released from imprisonment" for purposes of § 3624(e) to be the date he was entitled to be released under *Bailey*'s

interpretation of § 924(c) and the resulting revised sentence.

Our Court has not yet addressed the question raised by Johnson's appeal, but several other courts have considered the issue. In *United States v. Blake,* 88 F.3d 824 (9th Cir.1996), the Ninth Circuit held that the defendants' terms of supervised release commenced on the day they should have been released from prison pursuant to the retroactive application of a clarifying amendment to the Sentencing Guidelines, and not on the date of their actual release. Based on the language of § 3624(a) and on the "obvious purpose of leniency in applying the revised sentencing guidelines retroactively," the *Blake* Court read the statute as "setting the date of release, and consequently the commencement of a supervised release term, at the time a prisoner's term expires." *Id.* at 825. The First and Eighth Circuits have adopted a contrary approach. Relying on the language of § 3624(e) and on the different purposes of imprisonment and supervised release, they have held that supervised release commences on the date the offender is actually released from prison. *See United States v. Joseph,* 109 F.3d 34 (1st Cir.1997); *United States v. Douglas,* 88 F.3d 533 (8th Cir.1996) (per curiam).

■ In this case, we decline to follow the position advocated by the government and adopted by the First and Eighth Circuits in *Joseph* and *Douglas.* Read in isolation, the text of § 3624(e) appears to undercut Johnson's argument that he should receive credit for the extra time he spent in prison. However, the language of § 3624(e) must be considered in the context of the entire provision rather than in isolation. *United States v. Brown,* 536 F.2d 117, 121 (6th Cir.1976) ("[I]t is fundamental that a section of a statute should not be read in isolation from the context of the whole statute.") (internal quotation marks and brackets omitted); *see also Third National Bank v. Impac Ltd., Inc.,* 432 U.S. 312, 320–21, 97 S.Ct. 2307, 53 L.Ed.2d 368 (1977). Reading § 3624(e) out of context would be particularly inappropriate in this case because it is clear that Congress did not consider the effect of the retroactive invalidation of sentences when it

drafted the statute. Section 3624(a), which requires that a prisoner "be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment," embodies Congress's intent that a prisoner not be held in prison following the expiration of a valid prison term. Johnson was not released from prison until two and a half years after the valid portion of his prison term expired. In light of the policy underlying subsection (a), we hold that Johnson was not "imprisoned in connection with a conviction for a Federal ... crime" during these two and a half years because the conviction for which he was being held was invalid. Likewise, we conclude that the date of his "release" for purposes of the § 3624(a) was the date he was entitled to be released rather than the day he walked out the prison door.

The government maintains that while imprisonment serves primarily to punish and incapacitate the offender, "supervised release is intended to facilitate 'the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct.'" *Joseph,* 109 F.3d at 38–39 (quoting U.S.S.G. Ch. 7, Pt. A4, p.s.). In light of these distinct purposes, it contends that there is no basis for crediting the extra time Johnson spent in prison toward his supervised release term. We agree that rehabilitation is a primary purpose of supervised release, but supervised release is also punitive in nature. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.C.C.A.N. 3182, 3306–08 (discussing purposes of supervised release); *United States v. Gilchrist,* 130 F.3d 1131, 1134 (3d Cir.1997) ("Supervised release is punishment; it is a deprivation of some portion of one's liberty imposed as a punitive measure for a bad act."), *cert. denied,* —— U.S. ——, 118 S.Ct. 1307, 140 L.Ed.2d 472 (1998). Indeed, we doubt that Johnson would have brought this appeal otherwise.

■ The government also contends that Johnson's claim is more appropriately directed to the District Court pursuant to 18 U.S.C. § 3583(e), which authorizes the sentencing court to "terminate a term of supervised release and discharge the defendant

released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Spinelle,* 41 F.3d 1056, 1060–61 (6th Cir.1994) (statute requiring district court to impose three-year term of supervised release did not deprive district court of separate authority under § 3583(e) to terminate supervised release after completion of one year). Under the circumstances, we decline to hold that § 3583(e)' is the only avenue of relief available to Johnson. That provision would do him little good, since he might complete the remainder of his three-year term before the District Court considered such a motion.

For the reasons stated, we hold that Johnson's term of supervised release commenced at the end of the valid fifty-one month portion of his prison term. The judgment of the District Court denying Johnson's request for the termination of his term of supervised release is REVERSED.

GILMAN, Circuit Judge, dissenting.

The majority adopts the Ninth Circuit's approach in *United States v. Blake,* 88 F.3d 824 (9th Cir.1996), holding that a prisoner's term of supervised release should be reduced to account for any excess time served in prison. Because I believe that such an approach is contrary to both the plain language and the purpose of 18 U.S.C. § 3624(e), I dissent. *See United States v. Joseph,* 109 F.3d 34, 38–39 (1st Cir.1997), and *United States v. Douglas,* 88 F.3d 533, 534 (8th Cir.1996); *see also* S.Rep. No. 98–225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.C.C.A.N. 3182, 3306–08 (discussing purposes of supervised release).

The statute clearly states that a person's "term of supervised release commences on the day the person is released from imprisonment," and that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction." 18 U.S.C. § 3624(e). The majority states that this language must be read in light of the language in § 3624(a) that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment." The majority concludes that this language alters subsection (e) to mean that a prisoner begins his term of supervised release on the date he *was* released from custody or *should have been released* from custody, whichever first occurs. This approach is inconsistent with the language of subsection (e), which is clear and unconditional in its requirements. The majority is thus attempting to fashion an equitable remedy for a perceived injustice.

Giving Johnson credit toward his term of supervised release for the excess time in prison, however, does not satisfy the purpose of the statute. Although Congress did not provide for the situation presented in this case, it is clear that the purpose of supervised release is to "facilitate 'the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct.'" *Joseph,* 109 F.3d at 38–39 (quoting U.S.S.G. Ch. 7, Pt. A, cmt. 4, and refusing to "invent some form of automatic credit or reduction ... to compensate for ... increased incarceration."). In contrast, imprisonment serves primarily to punish and incapacitate offenders. *Id.* at 39. Nonetheless, the majority holds that we may properly adjust the supervised release term to account for the extra time Johnson served in prison because "supervised release is also punitive in nature."

The terms of supervised release may indeed be fairly restrictive. In my opinion, however, that fact should not cause this court to simply trade-off between a term of imprisonment and a term of supervised release. The fallacy of such reasoning is that a prisoner is not being reintegrated into society while still incarcerated. In an effort to do equity, the majority may be causing more harm than good by announcing a rule of law that excuses a prisoner under the circumstances of this case from participating in a program of supervised reintegration into society.

While Johnson's case is compelling (he served two and one-half years in prison on a sentence that was later revoked), it should be noted that his sentence was not imposed erroneously at the time of sentencing. Rather, his sentence was revoked by a retroactively applied interpretation of the applicable

statute by the Supreme Court in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Under such circumstances, I believe that a more appropriate avenue for relief is an application to the district court under 18 U.S.C. § 3583(e). This statute authorizes the sentencing court to cancel a term of supervised release after it has been in effect for one year when "such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Spinelle*, 41 F.3d 1056, 1060–61 (6th Cir.1994)(holding that a statute requiring a three-year term of supervised release did not eviscerate the district court's discretion to adjust the term of supervised release pursuant to § 3583(e)).

Because I believe that the majority's approach is inconsistent with the purpose as well as the unconditional language of 18 U.S.C. § 3624(e), I respectfully dissent.