**UNITED STATES of America, Plaintiff,**

v.

**Jacob William MATHIS, Defendant.**

4:11–cr–00053

United States District Court, S.D. Iowa.

Signed December 21, 2016

John S. Courter, United States Attorney's Office–DSM, Des Moines, IA, Maureen McGuire, Us Attorney's Office, Des Moines, IA, for Plaintiff.

Gerald B. Feuerhelm, Gerald B. Feuerhelm PC, Des Moines, IA, for Defendant.

### ORDER

ROBERT W. PRATT, Judge, U.S. DISTRICT COURT

Before the Court is Defendant Jacob William Mathis's pro se motion filed on November 4, 2016, requesting this Court to terminate his remaining term of supervised release. Clerk's No. 48. The Government filed a response in opposition to the motion on November 8, 2016, and a supplemental response at this Court's request on December 16, 2016. Clerk's Nos. 50, 53. The matter is fully submitted.

### I. PROCEDURAL HISTORY

On February 17, 2012, Defendant was sentenced to 48 months of incarceration followed by 60 months of supervised release after he pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Clerk's No. 39. Defendant began his term of supervised release on March 31, 2014. *See* Clerk's No. 47.

Defendant now requests that this Court terminate his remaining term of supervised release. Clerk's No. 48. In support of his motion, Defendant notes he has served more than half of the term, having presently completed 32 months of supervision. *Id.* at 3. He asserts his conduct throughout his supervised release "personifies change, cooperation, and absolute compliance." *Id.* He claims he has a strong support structure in his wife, parents, and sister and describes himself as "gainfully self-employed" as a landlord maintaining 30 rental units. *Id.* at 6. Additionally, he states he has successfully completed substance abuse treatment programs and has no history of violence. *Id.*

The Government objects to early termination of supervised release. Clerk's No. 50. It notes that the five-year supervised release term was the minimum permitted by statute. *Id.*; *see* 18 U.S.C. § 3583(k). The Government takes exception to Defendant's failure to allege any action "to address his child pornography addition." Clerk's No. 50. Finally, the Government recounts the facts of the underlying offense and argues the gravity of Defendant's offending behavior should weigh against early termination. *Id.*

The United States Probation Office (USPO) has advised the Court that it also objects to early termination. USPO

concedes that Defendant is gainfully employed, participates in sex offender treatment programs, and complies with the requirements of his supervised release. However, USPO states that it considers Defendant's recidivism risk level to be high and that he should serve—at minimum—two-thirds of his term before early termination of supervised release is considered.

## II. LAW AND ANALYSIS

Title 18, section 3583(e)(1) of the United States Code provides that a court may, in its discretion, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The United States Sentencing Commission encourages courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, cmt. n.5.

Defendant argues that section 3583(e)(1) grants this Court discretion to terminate the remainder of his term of supervised release. The Government suggests it is not clear whether such discretion exists when the imposed term of supervised release is statutorily mandated.[1] The Government instead argues that "[t]his court need not address the question of whether it has such authority, insofar as, assuming it does, Defendant has not established he merits the relief he requests." Clerk's No.

53. Because the Court ultimately concludes Defendant's term of supervised release should not be terminated at this time, it declines to rule upon its authority to do so on these facts and will instead proceed to the merits of Defendant's motion.

In determining whether to exercise its discretion to terminate the term of supervised release, this Court must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need ... to afford adequate deterrence to criminal conduct"; (3) "the need ... to protect the public from further crimes of the defendant"; (4) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (5) "the kinds of sentence and the sentencing range ... as set forth in the [United States Sentencing G]uidelines"; (6) "any pertinent policy statement issued by the Sentencing Commission"; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a), 3583(e). The Government argues that the nature of the offense, the history and characteristics of the defendant, and the need to protect the community are the salient factors in this case and

---

**1.** The Government notes the imposed five-year term of supervised release was the mandatory minimum required by 18 U.S.C. § 3583(k) and suggests that "[i]t is not clear that this court has the authority to reduce the term of supervised release to below the statutory minimum." Clerk's No. 50. However, Defendant argues that courts differentiate imposition of a mandatory sentence and a post-sentence modification or termination pursuant to separate statutory authority. *See United States v. Spinelle*, 41 F.3d 1056, 1059–60 (6th Cir. 1994); *United States v. Scott*, 362

F.Supp.2d 982, 984 (N.D. Ill. 2005) ("The *imposition* of these sentences required by [statute], however, cannot be read to require the full *service* of the sentences in the face of other statutes allowing relief from such service, such as § 3583(e)."). Ultimately, the Government states it does not "contest[ ] the court's authority, but simply point[s] out that this is an open question." Clerk's No. 53. Instead, the Government's principle assertion is that Defendant's motion should fail on its merits. *See id.*

militate against early termination of supervised release.

For Defendant's part, he raises several policy and legal considerations in addition to the facts alleged in his motion. Defendant cites several studies that he claims indicate he is "at exceptionally low risk of re-offending." Clerk's No. 48 at 4. He points to scholarship suggesting early termination of supervised release may in fact lessen the risk of recidivating.[2] *Id.* He also notes the Sentencing Commission has published a report purportedly reflecting a change in policy toward "non-production child pornography" offenders.[3] *Id.* at 5. Finally, he notes the annual cost to taxpayers to continue to supervise his release, which he describes as a needless expense with "no benefits." *Id.* at 7.

In consideration of the circumstances of this case as a whole, the Court declines to exercise its discretion to terminate Defendant's supervised release at this time. Though Defendant raises several legitimate considerations in his favor, including his generally positive performance on release and some contemporary trends in the social sciences, he appears not to fully appreciate the gravity of his offense. Though he discusses his success with substance abuse treatment programs, he fails entirely to acknowledge his sex offender treatment, which was mandated by the USPO. He asserts he has "no needs, educational, medical, or otherwise which could be facilitated from further supervision." *Id.*

at 3. However, he does not discuss the fact whether his sex offender treatment is ongoing or whether the circumstances surrounding his possession of child pornography may reoccur. Therefore, he has failed to allay the USPO's concern that he—as an *individual*, not a member of the class of offenders contemplated in the academic literature—is at a high risk of recidivating, necessitating continued sex offender treatment.

In light of the nature of the offense, the need to adequately deter the criminal conduct, and the need to provide effective correctional treatment, Defendant's request for early termination of his term of supervised release is denied.

### III.   CONCLUSION

For the reasons state herein, Defendant's motion (Clerk's No. 48) is DENIED.

IT IS SO ORDERED.

---

2.  See Laura M. Baber & James L. Johnson, Early Termination of Supervision: No Compromise to Community Safety, 77 Fed. Prob., Sept. 2013, at 19, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/FederalCourts/PPS/ Fedprob/2013-09/index.html ("[H]igh-risk offenders who were granted early term were much less likely to be rearrested than their full-term high-risk counterparts.").

3.  U.S. Sentencing Comm'n, Federal Child Pornography Offenses 10–15 (2012), http://www.ussc.gov/research/ congressional-reports/2012-report-congress-federal-child-pornography-offenses (discussing criticisms of current statutes and guidelines defining penalties for non-production child pornography offenses, including "overly severe penalty ranges for typical offenders—particularly those receipt or possession offenses," the failure "to meaningfully distinguish among offenders in terms of their culpability and dangerousness," and "the lack of proportionality in sentence length" between possession offenders and "contact" offenders who have sexually abused a child).