**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

FRED L. FOTTLER,

      Defendant - Appellant.

No. 96-2302

D. New Mexico

(D.C. No. CIV-96-1309-SC)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Fred L. Fottler seeks a certificate of appealability and permission to proceed in forma pauperis in order to appeal the denial of his 28 U.S.C. § 2255

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion to vacate, set aside or correct his conviction and sentence for using and carrying a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c)). He contends that the factual basis for his guilty plea to the firearm offense is insufficient in light of Bailey v. United States, 116 S. Ct. 501 (1995). The specific relief Mr. Fottler seeks is ambiguous, since his motion maintains that his conviction was unlawful, but then asserts that because he has already served his sentence of imprisonment all he seeks is a reduction of the period of his supervised release to "time served."

In late 1990, Fottler came under surveillance for attempting to purchase chemicals used in manufacturing methamphetamine. On November 8, 1990, in a truck driven by a codefendant, Fottler went to a storage facility to pick up the chemicals, and was arrested at that time. A loaded pistol was found under the seat of the truck.

A helpful brief filed by the government shows from the record that Fottler subsequently pled guilty to Count III of a Superseding Indictment charging him with using and carrying a firearm in connection with a drug trafficking offense, in violation of § 924(c), and aiding and abetting that offense in violation of 18 U.S.C. § 2, together with a plea of guilty to an Information charging him with maintaining a clandestine methamphetamine laboratory, in violation of 21 U.S.C. § 856(a)(1). On May 17, 1991, the district court sentenced Fottler to prison terms

of fifteen months on the Information, followed by 60 months under the Superseding Indictment, plus two concurrent terms of three years' supervised release for each offense.

Mr. Fottler does not dispute any of the facts regarding the gun, except to assert in his brief on appeal, without support from the record, that the gun was between his codefendant's legs, not under the seat, and that he (Fottler) could not reach the gun because he had his seatbelt on. Rather, Mr. Fottler argues that under Bailey he was not using the gun, and he was not carrying it because the term carry "is interpreted as carrying the firearm in (sic) one's person." Motion to Vacate, R. Vol. I, tab 1, at 5.

It is unnecessary to address the apparent impossibility of granting Fottler the relief he seeks be way of reducing the period of his supervised release, which, in any event, will be served concurrently with an identical term. See United States v. Joseph, 109 F.3d 34 (1st Cir. 1997). This is so because his interpretation of the law pertaining to carrying a firearm is incorrect.

Fottler's argument that after Bailey, the "carrying" prong of § 924(c) requires proof that the weapon was on the person or within easy reach has been rejected by this court in United States v. Miller, 84 F.3d 1244 (10th Cir. 1996), overruled on other grounds United States v. Holland, 116 F.3d 1353, 1359 n.4 (10th Cir. 1997) (footnote approved by court en banc). This court has broadly

defined carrying a firearm under § 924(c) to include possession and transportation of a firearm in a vehicle even if the weapon is not within effortless reach. Thus, a person who transports a firearm in the trunk of a car during and in relation to a drug trafficking offense carries the firearm within the meaning of § 924(c). Miller, 84 F.3d at 1258-59; United States v. Ross. 920 F.2d 1530, 1536-37 (10th Cir. 1990). This remains true after Bailey, which narrowed the definition of using a firearm under § 924(c), but did not limit the definition of carrying a firearm under the statute. Miller, 84 F.3d at 1259-60.

The factual basis was sufficient to support Fottler's guilty plea to carrying a firearm under § 924(c). See United States v. Barnhardt, 93 F.3d 706 (10th Cir. 1996). We GRANT Fottler's application for leave to proceed without payment of costs. However, a certificate of appealability will only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Fottler has failed to make such a showing.

Accordingly, the certificate of appealability is DENIED and the appeal is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-