[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15490
Non-Argument Calendar

_____

D. C. Docket No. 05-00093-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ANTHONY DALIMONTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 11, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

John Anthony Dalimonte, who was sentenced to 27 months' imprisonment

and a lifetime term of supervised release for possession of child pornography, appeals the supervised release portion of his sentence and contends that such a term of supervised release is unreasonable in light of the record and the sentencing factors contained in 18 U.S.C. § 3553(a).  He also challenges, on Fifth Amendment grounds, the special condition of his supervised release requiring him to submit to polygraph testing, both generally and as applied to him individually.

**I.**

After the district court has accurately calculated the guidelines range, it "may impose a more severe or more lenient sentence" that we review for reasonableness.  United States  v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).  Such review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Moreover, the reasonableness standard is applied to the ultimate sentence, not each individual decision made during the sentencing process.  United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).  A sentence within the guidelines range ordinarily will be reasonable.  Talley, 431 F.3d at 788.

In reviewing a sentence for reasonableness, we are guided by the factors in 18 U.S.C. § 3553(a).  Winingear, 422 F.3d at 1246.  Relevant factors include:

2

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from other crimes by the defendant, and the need to provide defendant with needed medical care; (3) the available sentences; (4) the guidelines range; and (5) any pertinent policy statements contained in the guidelines. 18 U.S.C. § 3553(a)(1)-(5). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in § 3553(a)." Talley, 431 F.3d at 788.

District courts do not need to establish the reasonableness of the sentences they impose by explicitly considering every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (challenge to imprisonment sentence at low end of guidelines range).

Dalimonte's lifetime term of supervised release is reasonable, both in light of the record and the § 3553(a) factors. Procedurally, the district court adequately and properly considered appropriate factors in conjunction with Dalimonte's

sentence. It announced that it had considered the information from the presentence investigation report and information presented at the hearing, discussed the seriousness and consequences of Dalimonte's offense, and found that his situation did not warrant a sentence outside the guidelines range. The district court specifically stated that Dalimonte's sentence addressed the seriousness of the offense, punishment, deterrence and incapacitation.

Substantively, the record further supports the reasonableness of a lifetime term of supervised release in light of the § 3553(a) factors. Dalimonte was convicted of child pornography possession, which he admitted was a serious offense that victimized children. He also admitted that he viewed child pornography for seven years and was addicted to doing so. FBI agents discovered over 3,000 images of pornography on Dalimonte's computers. Dalimonte had also been undergoing mental health counseling during the time he was committing the instant offense. Dalimonte's lengthy and prolific period of offending, the ineffectiveness of his treatment, and his own admission that he was addicted to viewing child pornography demonstrates a need for continued supervision after his release from prison. See United States v. Moriarty, 429 F.3d 1012, 1025 (11th Cir. 2005) ("supervised release fulfills rehabilitative ends, distinct from those served by incarceration"). Furthermore, a lifetime term of supervised release was available,

4

both statutorily and under the guidelines. <u>See</u> 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(a)(2).

Based on the record and § 3553(a) factors, the district court considered appropriate factors in imposing a lifetime term of supervised release and such term was not unreasonable. Accordingly, we affirm Dalimonte's lifetime term of supervised release.

## II.

At the outset, we note that Article III of the United States Constitution constrains us to deciding only actual cases or controversies. U.S. Const. art. III, § 2. A party must come into immediate danger of suffering injury before we may consider his claim. <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1289 (11th Cir. 1999). Claims are less likely to be considered fit for adjudication when they require speculation about contingent future events. <u>Pittman v. Cole</u>, 267 F.3d 1269, 1278 (11th Cir. 2001).

We have held that where, as here, a defendant challenges a condition of supervised release requiring polygraph testing on Fifth Amendment grounds when no incriminating questions have been asked and the privilege has not been invoked, an individualized Fifth Amendment claim is not ripe for review. <u>United States v. Zinn</u>, 321 F.3d 1084, 1092 (11th Cir. 2003) (plain error review).

In the instant case, Dalimonte asks us to construe a condition of supervised release requiring that he submit to polygraph testing so as to avoid revocation of his supervised release based on his valid assertion of a Fifth Amendment privilege. However, as the government correctly notes, Dalimonte's concerns about the Fifth Amendment present only speculation about future contingent events, and thus are not ripe for review. Pittman, 267 F.3d at 1278. He presents no cognizable Fifth Amendment claim because his term of supervised release has not started, he has not been asked any potentially incriminating questions, and he has not invoked the Fifth Amendment privilege against self-incrimination. Furthermore, the government has not compelled him to testify over a valid claim of privilege. See Zinn, 321 F.3d at 1091. As such, we need not construe the condition of supervised release to avoid any Fifth Amendment issue because Dalimonte's individualized claim is not ripe for review.

In the absence of a cognizable individualized claim, we have held that we could only consider whether requiring polygraph testing as a condition of supervised release generally violates the Fifth Amendment. Zinn, 321 F.3d at 1092. So, we will review only whether requiring polygraph testing as a condition of supervised release generally violates the Fifth Amendment so as to amount to an abuse of discretion, but will reverse only if we have a "definite and firm conviction

6

that the [district] court committed a clear error of judgment in the conclusion it reached." United States v. Taylor, 338 F.3d 1280, 1283-84 (11th Cir. 2003) (citation omitted).

The United States Code allows the district court to impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in § 3553(a). 18 U.S.C. § 3583(d). The Sentencing Guidelines permit the sentencing court to impose any conditions of supervised release that are "reasonably related" to the § 3553(a) factors, so long as the conditions "involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth [in § 3553(a) ] and are consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b). While the Sentencing Guidelines recognize that a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights. Zinn, 321 F.3d at 1089 (citation omitted).

A state may generally require a probationer to appear and discuss matters that affect his probationary status without violating the Fifth Amendment. Minnesota v. Murphy, 465 U.S. 420, 435, 104 S.Ct. 1136, 1146, 79 L.Ed.2d 409 (1984). Importantly, "questions put to a probationer [that are] relevant to his

7

probationary status and [pose] no realistic threat of incrimination in a separate criminal proceeding [will] not violate the Fifth Amendment." Id. at 435 n.7, 104 S.Ct. at 1146 n.7. A district court's failure to specify the subject matter of the polygraph testing as part of the condition in the face of a speculative Fifth Amendment objection does not constitute an abuse of discretion. Taylor, 338 F.3d at 1284.

The district court did not abuse its discretion in requiring polygraph testing as a condition of supervised release because Dalimonte had an admitted history of viewing child pornography and addiction to doing so. Because of his crime and personal history, he will likely require further rehabilitation upon his release from prison. Requiring polygraph testing to ensure compliance with probationary terms is both reasonably related to Dalimonte's offense and history, and when reasonably applied, will not unduly burden his rights.

Furthermore, a probationer may be called upon to discuss matters affecting his probationary status without violating his Fifth Amendment rights. Murphy, 465 U.S. at 435, 104 S.Ct. at 1146. That the district court did not specify the subject matter of the polygraph testing, as Dalimonte wishes, so as to avoid Fifth Amendment issues, does not constitute an abuse of discretion because, as noted above, Dalimonte presents no general Fifth Amendment claim which is cognizable.

See <u>Taylor,</u> 338 F.3d at 1284.

Because Dalimonte cannot show that his lifetime term of supervised release is unreasonable in light of the record and sentencing factors and cannot show that the special conditions of his supervised release constitute an abuse of discretion, we affirm.

**AFFIRMED.**[1]

---

[1] Dalimonte's request for oral argument is denied.