[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13682
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-20035-TP-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELO B. PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 16, 2010)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Angelo B. Perry appeals the district court's denial of his motion to terminate

his supervised release, pursuant to 18 U.S.C. § 3583(e)(1). On appeal, Perry argues

that: (1) the district court abused its discretion by considering his employment history and financial status in denying his motion for early termination of supervised release; and (2) due to the retroactivity of Amendment 706 to the crack cocaine guidelines, he was entitled to a two-point reduction and early termination of supervised release. After careful review, we affirm.

We review cases involving modification of supervised release under § 3583(e) for abuse of discretion. See United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003) (confirming that sentences of supervised release are reviewed for abuse of discretion); see also United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994) (reviewing revocation of supervised release for abuse of discretion). We review de novo a district court's conclusions about the scope of its legal authority under § 3582(c)(2) and its interpretation of the Sentencing Guidelines. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008); United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005).

First, we are unpersuaded by Perry's claim that the district court abused its discretion by considering his employment history and financial status in deciding whether to grant or deny his motion for early termination of supervised release. Under § 3583(e)(1), after considering the factors set forth in § 3553(a), a court may terminate a term of supervised release in which the defendant has already served at

least one year. Before terminating supervised release, however, the court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Supervised release was designed to "improve the odds of a successful transition from the prison to liberty." Johnson v. United States, 529 U.S. 694, 708-09 (2000). The goal is, in part, to facilitate training and rehabilitation. Id. at 709. The statute's requirement that courts examine §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, and uniformity of sentences among defendants committing the same types of crimes, are all also considerations related to supervised release. See 18 U.S.C. §§ 3553(a), 3583(e)(1).

Here, the record shows that Perry had not satisfied all of the standard conditions of his supervision, particularly those requiring that he be regularly employed and support his dependents. Considering the variety of goals of supervised release, including the need to deter and to protect the public, the district court did not

abuse its broad discretion by relying on Perry's unemployed status and his financial difficulties in denying his motion to terminate his supervised release.[1]

Nor do we find any merit to Perry's argument that the district court failed to consider that his supervised release status constitutes a form of custody, and therefore, due to the retroactivity of Amendment 706 to the crack cocaine guidelines, he was entitled to a two-point reduction and early termination of supervised release. In addressing the distinction between incarceration and supervised release, we have explained that the purposes of supervised release and incarceration are different, as:

> [t]he primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period of time in prison for punishment or other purposes but still needs supervision and training programs after release.

United States v. Pugh, 515 F.3d 1179, 1199 (11th Cir. 2008) (quoting S. Rep. No. 98-225, at 124 (1984), reprinted in 1984 U.S.C.C.A.N. 3182) (internal quotation and brackets omitted). Congress has prohibited incarcerating an offender for

---

[1] Moreover, Perry's contention that § 3553(a) and § 3583(e)(1) do not allow for consideration of his work history and finances is without merit. Perry's supervised release, in part, was expressly conditioned on his ability to maintain full-time employment and support his dependents. Further, Perry's work history and finances both are related to § 3553(a)(2)'s goals of deterring future illegal activity and protecting the public because, if Perry could financially support himself and his dependents through lawful employment, it logically follows that he would be less likely to engage in illegal activity for profit. See 18 U.S.C. § 3553(a)(2).

rehabilitation purposes, but in contrast, an offender's need for rehabilitation may be considered in prescribing supervised release conditions. United States v. Burgos, 276 F.3d 1284, 1290 n.6 (11th Cir. 2001) (citing United States v. Dunnigan, 507 U.S. 87, 97 (1993)); United States v. Scroggins, 880 F.2d 1204, 1208 (11th Cir. 1989)). The Supreme Court has clarified that, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000) (citing S. Rep. No. 98-225, at 124 (1983)).

A district court "may reduce the term of imprisonment" in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2) (emphasis added). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission," and the Sentencing Commission has limited retroactive application of Sentencing Guidelines amendments to those listed in § 1B1.10(c). Id.; U.S.S.G. § 1B1.10(a). The plain language of § 1B1.10 provides that, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has

5

subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1) (emphases added). Amendment 706, listed in § 1B1.10(c), retroactively reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).

In sum, the district court correctly concluded that supervised release is not a form of custody, and Amendment 706 does not apply after a defendant has been released from custody. Therefore, the court properly determined that Perry, who was released from prison prior to the enactment of Amendment 706, was not entitled to early termination of supervised release based on that amendment.

**AFFIRMED.**