[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10680
Non-Argument Calendar
_____

D.C. Docket No. 0:89-cr-06049-UU-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTRANIK KESHISHIAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2013)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Antranik Keshishian, proceeding *pro se*, appeals the denial of his 18 U.S.C.

§ 3583(e)(1) motion for early termination of supervised release.  Because we

conclude that the record does not show the district court considered the 18 U.S.C. § 3553(a) factors in making its determination, we vacate and remand with instructions that the district court consider these factors.

Keshishian was convicted in 1991 of possession of heroin with intent to distribute and conspiracy to manufacture firearms. He was sentenced to 110 months' imprisonment and 4 years' supervised release. In 1995, he escaped from custody and remained at large until 2007, when he was caught and convicted for his escape and sentenced to 18 months' imprisonment. In December 2009, Keshishian was released and began supervised release – a 4-year term for his sixteen-year-old drug and firearm offenses and a 3-year term for his escape-from-custody conviction.

In December 2011, Keshishian filed a § 3583(e)(1) motion for early termination of supervised release. He asserted that his mother, who lived in Lebanon, had cancer and needed his care. In support of early termination, Keshishian emphasized that he had "made progressive strides towards supervision objectives, and compliance with all conditions of supervision," had "no aggravated role in the offense of conviction," had "no history of violence and no recent arrests or convictions . . . or ongoing uninterrupted patterns of criminal conduct including no recent evidence of drug, alcohol abuse, or psychiatric episodes," and posed "no

identifiable risk to the safety of" anyone.  The district court, without conducting a hearing, denied Keshishian's motion in a form order.[1]  This is Keshishian's appeal.

We review the denial of a motion to modify – in this case, terminate – supervised release for an abuse of discretion.  *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010).  Section 3583(e)(1) permits a district court to "terminate a term of supervised release and discharge the defendant" if, "after considering the factors set forth in" 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."  18 U.S.C. § 3583(e)(1).  We have held, in the context of a district court's determination of whether to resentence a defendant under 18 U.S.C. § 3582(c)(2), which also indicates "the district court must consider the § 3553(a) factors," that the court "is not required to articulate the applicability of each factor, as long as the record demonstrates that the pertinent factors were taken into account by the district court."  *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) (internal quotation marks omitted).  "However, if it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court."  *Id.*  This is

---

[1] Although on appeal the government submits that the probation office filed a memorandum in opposition to Keshishian's motion, we are unable to locate this document in the record and there is no indication that the district court considered it.  In any event, the portion of the memorandum the government quotes, the only portion we have access to, says nothing of the § 3553(a) factors or facts that would inform them and therefore does not lend support to the government's argument that the district court's consideration was adequate.

3

because, without an indication that the court considered these factors, "we cannot engage in meaningful appellate review and must vacate and remand." *Id.* at 1220.

Here, the record does not indicate whether the district court considered the § 3553(a) factors. Keshishian made no mention of § 3553(a) in his motion. He merely provided reasons to support early termination of his supervised release, many of which detail his post-sentencing rehabilitation and "do not implicate the § 3553(a) factors." *Douglas*, 576 F.3d at 1220. There is no relevant response from the government or a hearing transcript reflecting that the parties discussed or that the court considered the factors. Because nothing in the record shows the district court considered the § 3553(a) factors, we cannot meaningfully review the court's decision. *See id.* Accordingly, we vacate the denial of Keshishian's § 3583(e)(1) motion and remand to the district court for further consideration.

**VACATED AND REMANDED.**