[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13842
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00008-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LEE ASHCRAFT, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 2, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty to using a facility of interstate commerce to attempt to persuade, entice, or induce a child under the age of 18 years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), Richard Lee Ashcraft, III appeals the district court's imposition of a life term of supervised release.  On appeal, Ashcraft does not challenge his mandatory minimum 120-month prison term or the special conditions of supervised release.  Rather, Ashcraft contends that the supervised release term itself is procedurally and substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.  Id.

Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances.  Id.  Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir.

2

2008). The defendant bears the burden to show his sentence is unreasonable in light of the record and the § 3553(a) factors.[1] United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

While the district court must consider the § 3553(a) factors, it need not address each factor explicitly; rather a statement that the court has considered the § 3553(a) factors and the parties' arguments is sufficient to show the factors were adequately considered. United States v. Ellisor, 522 F.3d 1255, 1278 (11th Cir. 2008). The weight given to the § 3553(a) factors is within the district court's sound discretion and "we will not substitute our judgment" in weighing those factors. United States v. Irey, 612 F.3d 1160, 1261 (11th Cir. 2010) (en banc). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation marks omitted).

As to procedural reasonableness, Ashcraft argues that the district court failed to make case-specific findings to support a life term of supervised release.

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Ashcraft does not cite to any authority requiring the district court to make specific findings of fact to support the supervised release term.  Under our precedent, the district court is not required to address each factor on the record, but must consider the § 3553(a) factors and must adequately explain the chosen sentence.  United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008); see also 18 U.S.C. § 3553(c) (providing that a district court "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence").  Generally, when the sentence imposed is within the advisory guidelines range, the "district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission."  Livesay, 525 F.3d at 1090.

Here, the district court adequately explained the chosen supervised release term, which was within the advisory guidelines range of five years to life.  After confirming that there were no objections to the presentence investigation report ("PSI"), the district court also calculated Ashcraft's prison term under the advisory guidelines and imposed the ten-year mandatory minimum prison term.  See U.S.S.G. § 5G1.1(b) (stating that when the high end of the advisory guidelines range is below the statutory mandatory minimum, the mandatory minimum is the guidelines sentence).  The district court then stated that it was "going to follow up, based on the charging allegations, with a lifetime of supervised release based on

4

the charges." The district court explained that it had considered the § 3553(a) factors, the guidelines range and the Sentencing Commission's policy statements, and that the sentence imposed met the goals of punishment and deterrence. After Ashcraft objected to the life term of supervised release, the district court responded, "I find that the term of supervision, given the nature of the offenses is appropriate, and again, having considered all of the factors under 3553(a)." The district court's explanation of the sentence, including the supervised release term, was adequate, and Ashcraft has not shown procedural error.

Ashcraft also has not shown that lifetime supervision is substantively unreasonable. Ashcraft's life term was within both the statutory range and the advisory guidelines range of five years to life. See 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b). We ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Furthermore, the policy statement to U.S.S.G. § 5D1.2(b) recommends the statutory maximum where, as here, the offense is a sex offense. See U.S.S.G. § 5D1.2(b), p.s. This Court has acknowledged the importance of the policy statement in § 5D1.2 and the reasoning behind it, stating that it "cannot be read in a vacuum, as the policy statement is derived from the statutory authority in 18 U.S.C. § 3583(k) and is consistent with Congress's intention to punish sex

offenders with life terms of supervised release because of the high rate of recidivism." Pugh, 515 F.3d at 1199 (quotation marks and brackets omitted).

In addition, Ashcraft's offense was a serious one that involved trying to entice what he thought was a child to have sex with him. According to the undisputed facts in the PSI, Ashcraft responded to an ad on Craigslist posted by an undercover officer posing as a 13-year-old girl. Ashcraft corresponded with the "child" via email and cell phone text messages, asking her about her age and whether she wanted to have sex with him. Ashcraft arranged to meet the "child" at a gas station, telling her not to tell anyone. The "child" texted Ashcraft asking him to buy her Skittles candy at the gas station. When Ashcraft entered the gas station and purchased a bag of Skittles, he was arrested. After his arrest, Ashcraft admitted to investigators that he thought he was communicating with a person who was 13 years old.

Ashcraft points to mitigating facts, such as his willingness to plead guilty, his lack of any serious prior criminal history, and the fact that no real child was involved and no one was harmed. The district court was aware of all of these facts, however, and clearly concluded that the nature of his sex offense and the need for deterrence nonetheless warranted lifetime supervision. Ashcraft essentially asks us to reweigh the factors. However, we do not reweigh the § 3553(a) factors on appeal and will not remand for resentencing unless the district court committed a

6

clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences.  United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).  There is no indication that the district court made a clear error of judgment here.

In sum, Ashcraft has not carried his burden to show that his life term of supervised release is either procedurally or substantively unreasonable.

**AFFIRMED.**