[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11114
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20482-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON VALDOQUIN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 29, 2014)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ramon Valdoquin appeals the denial of his motion to modify three special conditions of his second term of supervised release. Valdoquin argues that the district court failed to adequately explain the reasons for its decision and that it should have modified the conditions of supervised release that limited Valdoquin's contact with minors other than his child and his use of a computer and the Internet. We affirm.

Valdoquin pleaded guilty to possessing child pornography and received a sentence of five years in prison and ten years of supervised release. *See* 18 U.S.C. § 2252(a)(4)(B). Special conditions of Valdoquin's supervised release prohibited him from having personal, mail, telephone, or computer contact with children or minors under the age of 18; possessing or using a computer that contained an internal, external, or wireless modem without prior approval of the district court; or possessing or using any computer unless it was used "in connection with authorized employment" and approved by the district court. Valdoquin moved to modify the condition prohibiting any contact with minors to allow him to interact with his three-year-old daughter. The district court granted Valdoquin's motion. Valdoquin did not appeal his sentence.

On July 8, 2013, Valdoquin was released from prison, and a month later a probation officer learned that Valdoquin had been frequenting a bookstore and the public library in Coral Gables, Florida. Valdoquin's former wife and daughter

2

lived in Coral Gables, but Valdoquin lived in another city. On August 23, 2013, the probation officer learned from employees of the library that Valdoquin had requested assistance to download photos from a USB flash drive and had purchased a week-long pass to the Miami Children's Museum, and the officer reviewed video recordings made by surveillance cameras in the library that showed Valdoquin checking out a laptop computer to take home and entering the children's section of the library in the presence of children. When the probation officer questioned Valdoquin about his activities, he denied visiting the library or obtaining a laptop computer, but later he admitted to visiting the children's section ostensibly to find books for his daughter. On August 26, 2013, the probation officer intercepted Valdoquin entering the library. The probation officer searched Valdoquin's backpack and seized two USB flash drives; a pass to the Miami Children's Museum; a children's magazine; a mouse for a computer; and a sheet of paper on which was written the names of websites, a user ID, and passwords.

On August 27, 2013, the probation officer petitioned to revoke Valdoquin's supervised release on seven grounds. The petition charged that Valdoquin possessed a laptop computer without authorization; the computer had a modem; he failed to have software installed on the computer to monitor its use; he used the computer without permission from his probation officer or the district court; he visited the children's section of a public library in the presence of several minors;

3

he incorporated a business without notifying his probation officer; and he registered his business on the website godaddy.com without permission from his probation officer or the district court.  Valdoquin admitted to the seven violations.

On October 30, 2013, the district court held a revocation hearing and discussed with the parties how to accommodate Valdoquin's need to use a computer for business purposes.  Valdoquin's probation officer suggested that he use a computer at WorkForce One that contained software that monitored its use, but the probation officer was unable to provide definite information about the monitoring at WorkForce One.  Valdoquin requested permission to obtain an email address and to open a business, and he agreed to provide his probation officer with the password for the email and with a plan for his business.  The district court ruled that Valdoquin could not access a computer until he and the probation officer submitted "in writing" a plan explaining "what the controls are, what the monitoring system is, the email address, et cetera."

The district court revoked Valdoquin's supervised release and sentenced him to six months of imprisonment and ten years of supervised release.  *See* 18 U.S.C. § 3583(e)(3), (h).  The district court imposed the same conditions on Valdoquin's supervised release and required that "the probation office . . . work with [Valdoquin] to come up with a plan which would allow [him] to seek or obtain employment" and would "contain monitoring mechanisms and other safety

4

procedures to ensure that [he] [was] not associating with children." Valdoquin did not object to or appeal his sentence.

On February 10, 2014, Valdoquin moved *pro se* to modify the conditions of his supervised release that limited his contact with minors and that limited his access to a computer and to the Internet. Valdoquin argued that he should be permitted to "associate with children . . . [of] family members, . . . [and] children in the presence of an adult who [have] been approved by the probation officer" as long as, "[w]ith the exception of brief, unanticipated, and incidental contacts, . . . [he did] not associate with children (other than his daughter . . .)" or have "contact with unsupervised minors in a private setting." Valdoquin argued that, with some monitoring, he was entitled to use email, to access government websites related to his new business venture in the import-expert business, and to use the Internet to view things like "music videos on You Tube." Valdoquin proposed that the district court modify the conditions of his supervised release in five ways: 1) to allow him "to possess and /or use a computer and . . . the Internet" as long as the "computer, or [any] other electronic communication or data storage device[], including a cell phone, [is not used] to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children or accessing child pornography"; 2) to require him to "consent to the installation of any hardware/software to monitor any computer or

other electronic communication or data storage devices" and to "pay the monitoring costs, not to exceed $30 a month"; 3) to require him to "consent to periodic unannounced examinations by the probation officer of any computers, cell phones or other electronic communication or data storage devices that [he] has access to"; 4) to require him to "consent to the seizure and removal of hardware and data storage media for further analysis by the probation officer, based upon reasonable suspicion of unlawful conduct"; and 5) to require him to disclose "accurate information about his entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s)."

The district court denied Valdoquin's motion to modify. The district court stated in its order that it reached a decision after "having reviewed the issues at hand and being otherwise fully advised in the premises . . . [and after considering] the Defendant's prior violations of conditions of supervised release."

The district court provided a reasoned basis for its decision. "[T]he district court [is not required] to state on the record that it has explicitly considered each of the [sentencing] factors or to discuss each of [those] factors," *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005), "so long as the record reflects the court's consideration of many of those factors," *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010). *See United States v. Dorman*, 488 F.3d 936, 944 (11th

Cir. 2007).  The district court was "fully advised in" and familiar with Valdoquin's case from having sentenced him for his child pornography offense and for his violation of his supervised release.  The order denying the motion reflects that the district court had "reviewed the issues at hand" in Valdoquin's motion and had considered the nature of his offense and his history and characteristics; his refusal to comply with the conditions of his supervised release; the need to deter him from committing future similar offenses; and the need to protect children from further similar crimes.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

The district court did not abuse its discretion when it refused to modify the limitations on Valdoquin's contact with minors. Valdoquin defied that special condition of his supervised release by traveling to a city other than his residence and visiting the children's section of a public library. Although Valdoquin told his probation officer that he visited the children's section to obtain books for his child, the next day, Valdoquin had in his possession a child's magazine and a pass to a children's museum in another city.  The district court reasonably could have found Valdoquin's explanation suspicious and his acquisitions worrisome, and the district court could reasonably have determined that allowing Valdoquin greater contact with children other than his own would not afford adequate protection for them and was necessary to promote his rehabilitation.  *See United States v. Moran*, 573 F.3d 1132, 1140 (11th Cir. 2009); *United States v. Zinn*, 321 F.3d 1084, 1086–88 (11th

7

Cir. 2003); *United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003). Those concerns are sufficiently compelling to limit Valdoquin's access to minors other than his child.

We also cannot say that the district court abused its discretion when it refused to modify the limitations on Valdoquin's access to a computer and to the Internet. Valdoquin downloaded approximately 400 images of child pornography, including material that depicted sadistic or masochistic conduct, approximately 200 of which involved children between the ages of 4 and 11 and others that involved minors who were at least 12 years old. A few weeks after Valdoquin was released from prison, he accessed the Internet, obtained a laptop computer from a public library, and then lied to a probation officer about violating the conditions of his supervised release. In the light of that misconduct, the district court reasonably refused to approve Valdoquin's proposed modifications to the conditions of his supervised release, which would have significantly lifted restrictions on his use of a computer and the Internet. *See Zinn*, 321 F.3d at 1092–93; *Taylor*, 338 F.3d at 1285.

The limitations on Valdoquin's use of a computer and the Internet are not overly broad. He retains the right to use a computer with access to the Internet if he obtains permission from the district court. *See Zinn*, 321 F.3d at 1093; *Taylor*, 338 F.3d at 1285. Valdoquin complains about having to obtain permission to use

8

the Internet from the district court instead of a probation officer, but Valdoquin cites no authority suggesting that it is unduly onerous to obtain permission from the district court.  The limitations are "necessary and reasonable condition[s] of supervised release."  *Zinn*, 321 F.3d at 1093; *see also Moran*, 573 F.3d at 1140–41.

We **AFFIRM** the denial of Valdoquin's motion to modify the conditions of his supervised release.