[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12900
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20076-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW GALARZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 28, 2015)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Andrew Galarza appeals his sentence for possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  After Defendant pled

guilty, the district court sentenced him to 97 months' imprisonment and a life term

of supervised release.  The court imposed several conditions of supervised release,

including:  (1) except for use of a computer permitted by the court for authorized

employment, no other use or possession of computer without the prior approval of

the court and (2) no trading, possession, or production of "visual depictions of

minors or adults engaged in sexually explicit conduct."  Defendant did not object

at sentencing to these conditions.  On appeal, Defendant argues that his 97-month

sentence, life term of supervised release, and the above-mentioned conditions of

supervised release are unreasonable.  After review, we affirm.

## I.  Imprisonment Portion of Sentence

A.    General Principles

Using a two-step process, we review the reasonableness of a sentence for an

abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014),

*cert. denied*, 135 S. Ct. 764 (2014).  We first look to whether the district court

committed any significant procedural error, such as miscalculating the advisory

guideline range, treating the Sentencing Guidelines as mandatory, failing to

consider the 18 U.S.C. § 3553(a) factors,[1] selecting a sentence based on clearly

---

[1] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for

2

erroneous facts, or failing to adequately explain the chosen sentence. *Id.* The duty to adequately explain the sentence imposed is satisfied when the appellate court can conclude that the sentencing court considered the parties' arguments and had a reasoned basis for exercising its legal decisionmaking authority. *Rita v. United States*, 551 U.S. 338, 356 (2007).

Then, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Cubero*, 754 F.3d at 892. The party challenging a sentence has the burden to show that the sentence is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

B.    Procedural Reasonableness

Before the district court, Defendant requested a downward variance based on the Sentencing Commission's 2013 Report to Congress ("the 2013 Report"), which recommended revisions to the Guideline's provisions for non-production child

---

deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

pornography offenses (U.S.S.G. § 2G2.2) to reflect technological changes in the way typical offenders receive and distribute child pornography. *See* U.S. Sentencing Commission, Report to the Congress: Federal Child Pornography Offenses (December 2012). Relying on the concerns raised in the 2013 Report about the § 2G2.2 enhancements, Defendant argued that a within-Guideline sentence would overstate his level of culpability and potential for dangerousness. The district court denied Defendant's request for a variance.

On appeal, Defendant contends that the district court procedurally erred by not giving sufficient reasons to justify its refusal to downwardly vary. He argues that the 2013 Report provides a nonfrivolous reason for a downward variance, and thus the district court should have more extensively articulated its reasons for declining to vary from the calculated range. We disagree.

We have previously rejected an identical argument that the 2013 Report requires the district court to give more extensive reasons for the chosen sentence. *See Cubero*, 754 F.3d at 901 (holding that "the 2013 [R]eport does not heighten the district court's statutory duty to state the reasons for imposing a particular sentence"). Moreover, in this case, the district court did give a detailed explanation of its sentencing decision. In imposing sentence, the district court specifically acknowledged Defendant's arguments regarding the 2013 Report and noted that, in the report, the Sentencing Commission indicated that the following

4

factors should be the primary considerations:  (1) the contents of an offender's

child pornography collection and the nature of his collection behavior; (2) the

offender's degree of involvement with other offenders; and (3) the offender's

history of engaging in sexual abuse or exploitative or predatory conduct.  The court

then went on to explain its consideration of these factors as they applied to

Defendant.  First, the court acknowledged that Defendant had no history of

engaging in other sexually abusive or predatory conduct.  But the court also

expressed its concern with (1) Defendant's involvement with other offenders in the

internet community through his participation in a peer-to-peer file-sharing

network; (2) the presence of a shared folder on Defendant's computer that

advertised and made available more than 650 files with hashtags and names

consistent with child pornography; and (3) the contents of Defendant's

pornography collection which included 58 videos (the equivalent of over 4,000

images) of minors engaging in sexually explicitly conduct.  With regard to these

videos, the district court noted that the vast majority of the videos were longer than

five minutes, at least six of the videos involved very young children, and some of

the videos involved sadistic and masochistic images, including one that showed the

bondage of a nine-year old girl.

The district court also weighed and discussed the § 3553(a) factors as

applied to Defendant's case, including the nature and circumstances of the offense,

5

Defendant's history and characteristics, and the need to promote respect for the law, provide adequate deterrence and just punishment, and protect the public. In light of this detailed explanation, we conclude that the district court adequately explained its chosen sentence, and thus Defendant's sentence is procedurally reasonable.

####    C.    Substantive Reasonableness

Defendant has also not shown that his sentence is substantively unreasonable. Defendant's 97-month sentence is at the low end of the advisory Guideline range of 97 to 121 months' imprisonment, and well below the 20-year statutory maximum under 18 U.S.C. § 2252(b)(2). *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

The record does not support Defendant's arguments on appeal that the district court "gave *no* weight" to either the 2013 Report or the mitigating facts he presented at sentencing.[2] In imposing sentence, the district court acknowledged it

---

[2] Defendant argued that: (1) his offense involved no physical abuse of, or any contact with, any minor; (2) his offense did not involve any actual distribution or intent to distribute the images downloaded using the peer-to-peer software, but rather the images he downloaded and

had considered Defendant's arguments, but ultimately concluded that Defendant's

arguments were insufficient to warrant a downward variance.  A district court is

not required to expressly address each mitigation argument advanced by a

defendant.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  Even so,

the district court here addressed the concerns raised by the 2013 Report and

acknowledged the existence of a psychosexual evaluation report, which opined that

Defendant was not likely to reoffend.  *See* part I.B, *supra*.  Additionally, the

district court specifically noted Defendant's argument that his history of mental

illness justified a sentence at the low end of the Guideline range.[3]

We discern no abuse of discretion by the district court when it denied

Defendant's request for a downward variance after concluding that his alleged

mitigating factors were outweighed by (1) the nature of certain videos that

Defendant had downloaded; (2) the number and length of the videos he

downloaded; (3) the fact that he had been downloading child pornography since

2005 and that he could easily do so through the internet; (4) the fact that

Defendant's shared folder advertised more than 650 files of child pornography; and

(5) the seriousness of child pornography offenses, given the continuing harm

---

saved were for his own personal use; and (3) a psychosexual evaluator found that Defendant posed little risk of recidivism.

[3] Defendant was diagnosed with schizophrenia in 2006, but during the course of his criminal proceedings he refused to take medication necessary to control the mental instability that this condition can cause.

suffered by the victims.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  (quotation marks omitted)).

Further, the court's refusal to vary downward based on the 2013 Report does not render Defendant's sentence substantively unreasonable.  We have previously held that "[w]hile a district court may certainly consider the 2013 [R]eport in choosing the ultimate sentence, the report does not invalidate § 2G2.2," and "use of § 2G2.2 as an advisory guideline" does not make the resulting sentence substantively unreasonable, "limit the district court's discretion to determine what weight to give each § 3553(a) factor," or "require the district court to vary from the § 2G2.2-based guidelines range."  *See Cubero*, 754 F.3d at 900.

For all these reasons, Defendant has failed to show that his 97-month sentence is substantively unreasonable.

## II.  Supervised Release

Defendant challenges both the length of the term of his supervised release and two conditions of his release:  specifically, (1) a condition restricting his computer use without prior permission of the court and (2) a condition prohibiting his trading, possession, or production of visual depictions of persons engaged in sexually explicit content.  We ordinarily review a district court's imposition of

special conditions of supervised release for an abuse of discretion. *See United States v. Zinn*, 321 F.3d 1084, 1087-88 (11th Cir. 2003). But because Defendant never objected at sentencing to either the term or conditions of his supervised release, we review only for plain error. *See United States v. Hoffman*, 710 F.3d 1228, 1231 (11th Cir. 2013) (where defendant failed to raise challenges to sentencing decision before the district court, plain error standard applied). Under plain error review, we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013) (quotation marks omitted). "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

A.    Life Term of Supervised Release

On appeal, Defendant argues that because he had no prior criminal history and there was no evidence that he ever had any actual contact with a child, the district court acted unreasonably when it imposed on him a life term of supervised release. Since 2003, the statutorily-authorized term of supervised release for a child pornography offense under § 2252 is "any term of years not less than 5, or

life." 18 U.S.C. § 3583(k); PROTECT Act, Pub.L. No. 108-21, § 101, 117 Stat.

650 (2003). Congress provided this option in response to the

> long-standing concerns of Federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes, whose criminal conduct may reflect deep-seated aberrant sexual disorders that are not likely to disappear within a few years of release from prison.

*See United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005) (quoting H.R.

Rep. No. 108–66, at 49–50 (2003) (Conf. Rep.), 2003 U.S.C.C.A.N. 683, 684)

(holding that a life term of supervised release for several child pornography-related

offenses did not constitute cruel and unusual punishment in violation of the Eighth

Amendment). Thus, pursuant to the Guidelines, a life term of supervised release

may be imposed for convictions pursuant to § 2252. *See* U.S.S.G. § 5D1.2(b)(2) &

comment. (n.1). Indeed, the relevant policy statement states, "[i]f the instant

offense of conviction is a sex offense, however, the statutory maximum term of

supervised release is recommended." *Id.* § 5D1.2(b), p.s.

Defendant has failed to demonstrate that the district court committed plain

error when it imposed a life term of supervised release. First, as noted, an error

can be considered to be plain only when it is contrary to explicit statutory

provisions or to on-point precedent in this Court or the Supreme Court. The

relevant statute permits a term of this length and Defendant can point to no

Supreme Court case or Eleventh Circuit case holding that a life term is *per se*

unreasonable or presumptively invalid. To the contrary, this Court has concluded that a life term of supervised release was substantively reasonable for a defendant who had been convicted of one count of distribution of child pornography and two counts of possession of such materials. *See Cubero*, 754 F.3d at 898. While our non-published decisions carry no precedential weight,[4] and we therefore do not rely on their particular reasoning, the fact that we have, on several occasions in such decisions, affirmed as substantively reasonable a life term of supervised release, tends to diminish an argument that the district court's imposition of such a term here was particularly suspect or that the court's action placed it in "plain error" territory. *See, e.g.*, *United States v. Aguayo*, 563 F. App'x 727, 729 (11th Cir. 2014); *United States v. Everhart*, 562 F. App'x 937, 942 (11th Cir. 2014); *United States v. Ashcraft*, 562 F. App'x 791, 794 (11th Cir. 2014); *United States v. Dalimonte*, 188 F. App'x 931, 933 (11th Cir. 2006).

Of course, even if not presumptively unreasonable, a life term of supervised release, like any other condition of that release, could be invalidated upon a showing by the defendant that the condition in his case was substantively unreasonable. Yet, contrary to Defendant's argument, the district court did not reflexively impose a life term of supervised release, but instead identified the facts and circumstances of Defendant's case that rendered this term reasonable,

---

[4] *See* 11th Cir. R. 36-2.

11

including the length of time Defendant had been involved in child pornography, his mental health issues, the characteristics of the child pornography he possessed, and the number of images involved, as well as the extended length of the videos Defendant possessed. Thus, Defendant has failed to show that the district court committed an error that was plain when it decided that a life term of supervised release was reasonable under these circumstances.

Beyond failing to show the existence of governing caselaw that forbids imposition of such a condition, Defendant also fails another prong of the plain error test: a showing that the error has affected the defendant's substantial rights. That is, the particular length of a defendant's term of supervised release, as articulated at sentencing, is not written in stone because a defendant has a statutory right, after serving at least one year of the term, to petition the district court to terminate early supervised release. And the court is free to so shorten the term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Moreover, the defendant has recourse to contest a district court's denial of his motion to terminate early (or shorten) supervised release. Specifically, he can appeal the denial of such a motion, and the district court's decision in that appeal will be subject to an abuse of discretion standard. *See, e.g., United States v. Mathis-Gardner*, 783 F.3d 1286 (D.C. Cir. 2015); *United States v. Gammarano*,

12

321 F.3d 311 (2d Cir. 2003); *United States v. Pregent*, 190 F.3d 279 (4th Cir.

1999); *United States v. Joseph*, 109 F.3d 34 (1st Cir. 1997).[5]

Given the ability of a defendant, once on supervised release, to seek to

shorten the term of that release and given the availability of appellate review upon

a denial of that request, it is difficult to discern a violation of Defendant's

substantial rights through the district court's failure to intuit Defendant's objection

to the term of his release.  In short, we conclude that Defendant has failed to

demonstrate that the district court committed plain error when it imposed a life

term of supervised release.

B.    Special Conditions

A district court is permitted to impose any condition of supervised release it

deems appropriate, so long as it comports with the factors enumerated in § 3553(a).

18 U.S.C. § 3583(d)(1).  The Guidelines permit the sentencing court to impose

conditions of supervise release that:

> (1) are reasonably related to (A) the nature and circumstances of the
> offense and the history and characteristics of the defendant; (B) the
> need for the sentence imposed to afford adequate deterrence to
> criminal conduct; (C) the need to protect the public from further

---

[5] As best we can determine, this Court has issued no published (precedential) decisions that have reviewed such a motion.  But we have issued several non-precedential decisions in which, applying an abuse of discretion standard on review, we have entertained an appeal of a district court's denial of a motion for early termination of supervised release. *See, e.g.*, *United States v. Boyd*, 606 F. App'x 953 (11th Cir. 2015); *United States v. McClamma*, 548 F. App'x 598 (11th Cir. 2013); *United States v. Fu Qian Danny Pan*, 540 F. App'x 945 (11th Cir. 2013); *United States v. Keshishian*, 507 F. App'x 913 (11th Cir. 2013); *United States v. Perry*, 397 F. App'x 521 (11th Cir. 2010).

crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b).

In addition to the standard conditions of supervised release, the district court imposed several special conditions of release intended to restrict Defendant's ability to again possess or distribute child pornography, as well as to curb any temptation that he might have to again trade in images portraying prohibited sexually explicit conduct. These conditions permit Defendant, with the approval of the court, to possess a computer, which computer will be subject to periodic unannounced inspections to insure Defendant's compliance with the conditions for its use. Defendant, however, is directed "not [to] possess or use a computer [or any phone or access device] that contains an internal, external or wireless modem without the prior approval of the [c]ourt." But Defendant would, with the prior approval of the court, be allowed to use such devices "in connection with authorized employment." The court also directed Defendant not to "buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct."

Although Defendant made no objections to the above conditions at his sentencing hearing, he now argues on appeal that these conditions are unreasonable

14

because they are overly broad, violate his constitutional rights, and are not specifically tailored to his circumstances.  Given his earlier failure to object, Defendant must now show that the district court committed plain error in imposing these conditions.  He has failed to do so.

Defendant first challenges, as being unreasonable, the condition of supervised release disallowing his use of a computer or other item with internet access, absent prior permission of the district court.  Yet, because he points to no case of this Court or the Supreme Court finding to be unreasonable such a restriction, Defendant fails to establish plain error.  *See Schultz*, 565 F.3d at 1357. To the contrary, we have upheld the imposition of a condition that prohibited the use of a computer with connection to the internet for any purpose, even employment, without the prior permission of the probation officer.  *See United States v. Moran*, 573 F.3d 1132, 1136, 1140-41 (11th Cir. 2009); *Zinn*, 321 F.3d at 1092-93.  Here, the restriction was less onerous because Defendant was expressly permitted to use such devices for employment purposes, as long as he first got the permission of the court.

Defendant acknowledges the existence of the above cases, but argues that they are distinguishable because the term of supervised release in those cases was

15

only three years, whereas here the term of release is potentially[6] for the remainder of Defendant's life, meaning that his inability to use the internet could likewise potentially[7] span the rest of his life. Yet, whether or not the above cases are distinguishable, Defendant acknowledges that neither we nor the Supreme Court have ever addressed the question whether a potential lifetime ban on using the internet is unreasonable. And, as noted in our earlier discussion, because he never objected below to the conditions imposed, Defendant cannot meet the plain error test without first showing that these conditions are contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court. Accordingly, Defendant has failed to show that the district court clearly erred in imposing a condition of supervised release that restricted his access to computers and the internet, absent prior court approval.

Defendant's second challenge—to the condition that he not possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct—fails for the same reason as does his challenge to the computer condition.

---

[6] The district court imposed a term of lifetime supervised release here. As discussed *supra,* a defendant on supervised release may move for early termination of that release, and may appeal if the district court denies the motion.

[7] For completeness sake, we note that, just as a defendant on supervised release may move for an early termination of his supervised release, he may also move for a modification of the conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(2). If that motion is denied by the district court, the defendant may appeal that ruling. *See, e.g., United States v. McClamma*, __ F. App'x __, 2015 WL 3478012 (11th Cir. June 3, 2015); *United States v. Valdoquin*, 586 F. App'x 513 (11th Cir. 2014).

He never objected and has failed on appeal to identify any decision by this Court or the Supreme Court barring the imposition of such a condition of supervised release. Moreover, a special condition of supervised release is not invalid simply because it affects a defendant's ability to exercise constitutionally-protected First Amendment rights. *See Zinn*, 321 F.3d at 1089. Accordingly, the district court did not plainly err in prohibiting Defendant from possessing, trading, or producing sexually explicit materials.

We further note that, beyond just being a procedural requirement, the need to object to conditions of supervised release that are arguably inapt or unduly burdensome satisfies a practical objective. The imposition by a district court of conditions of supervised release is often an interactive process. If a defendant informs the court that a particular condition is insufficiently specific to insure the defendant's ability to comply or that a condition may create real problems for a defendant based on his employment or other personal situation, a district court will be able to work with the Defendant to tweak the condition. At the least, by objecting, a defendant gives the sentencing court, which may well be unaware of any problem with a particular condition, a chance to do so.

### III. Conclusion

For the reasons stated above, Defendant's sentence is **AFFIRMED.**

17